Filed 6/5/15  P. v. Lopez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOROTHY MARIE LOPEZ,<br><br>    Defendant and Appellant. | H041154<br>(Santa Clara County<br>Super. Ct. Nos. C1475081, C1478815) |

Defendant Dorothy Marie Lopez challenges a condition of her mandatory supervision (Pen. Code, § 1170, subd. (h)(5)) in two felony cases, which directs that she "shall not possess or consume alcohol or illegal controlled substances . . . ."  Defendant contends this condition is vague and overbroad because it does not contain a knowledge requirement.  The Attorney General agrees that the condition is unconstitutionally vague and that this Court should add a knowledge requirement.  We will accept the Attorney General's concession and modify the condition to add a knowledge requirement.

## FACTS

The parties entered into a negotiated disposition of these cases before the preliminary hearing.  Although the court ordered a "waived referral" report from the

probation department, there is no probation report in the record.  We therefore have no information regarding the underlying facts that led to the charges in this case.

**PROCEDURAL HISTORY**

*Case No. C1475081:  the Drug Case*

In January 2014, the prosecution filed a felony complaint (case No. C1475081) charging defendant with three counts of selling methamphetamine (Health & Saf. Code, § 11379, subd. (a), a felony).  The complaint alleged the sales occurred on December 18, 2013, December 27, 2013, and January 8, 2014.  We will sometimes refer to this case as the "drug case."

*Case No. C1478815:  the Receiving Stolen Property Case*

In March 2014, the prosecution filed a second felony complaint (case No. C1478815) charging defendant with:  (1) one count of possessing an altered and fictitious check (Pen. Code, § 476, a felony, count 1); (2) one count of check forgery (Pen. Code, § 470, subd. (d), a felony, count 2); and (3) one count of receiving stolen property (a checkbook) (Pen. Code, § 496, subd. (a), a felony, count 3).  (All further undesignated statutory references are to the Penal Code.)  The complaint alleged the first two counts occurred between December 1, 2012 and March 25, 2013, and the receiving stolen property count occurred on or about August 29, 2013.  We will sometimes refer to this case as the "receiving stolen property case."

*Case Nos. C1242033 and C1358193:  Prior Misdemeanor Convictions*

At the time of the offenses alleged in the two felony cases, defendant was on probation in two previous misdemeanor cases (case Nos. C1242033 and C1358193).  The nature and number of offenses for which defendant was convicted in those cases is not

clear from the record on appeal, but we may infer that case No. C1358193 involved a drug offense, since defendant was on Proposition 36 probation (§ 1210, et. seq.) in that case. As a result of her new felony offenses, defendant was charged with violations of probation in her misdemeanor cases.

*Plea*

In May 2014, the parties entered into a negotiated disposition of the two new felony cases and the alleged violations of probation. In exchange for a felony sentence of two years (§ 1170, subd. (h)), defendant pleaded no contest to one count of selling methamphetamine in the drug case, and possession of an altered check (count 1) and receiving stolen property (count 3) in the receiving stolen property case. Pursuant to the parties' agreement, the second year of defendant's felony sentence would be suspended, with release into the community under the mandatory supervision of the probation department. (§ 1170, subd. (h)(5).) As part of the agreement, defendant also admitted the probation violations in the misdemeanor cases, on the condition that her Proposition 36 probation would be terminated and she would be sentenced to a concurrent term in one case and probation would be reinstated and terminated in the other case.

*Sentencing*

On June 5, 2014, the court sentenced defendant in accordance with the terms of the plea agreement. The court designated the possession of an altered check count as the principal term and sentenced defendant to the middle term of two years. The court imposed the middle term of two years, concurrent, on the receiving stolen property count, and the lower term of two years, concurrent, on the drug sale count. The court imposed a split sentence under section 1170, subdivision (h)(5) and ordered that the second year of defendant's jail term would be suspended and that she would be released under the mandatory supervision of the probation department. The court imposed several

3

conditions of mandatory supervision, as well as fines and fees. In both felony cases, the conditions of mandatory supervision included that defendant "shall not possess or consume alcohol or illegal controlled substances . . . ."

In the misdemeanor drug case, the court terminated defendant's Proposition 36 probation and imposed a 90-day jail sentence, concurrent, which was deemed served based on defendant's custody credits. In the other misdemeanor case, the court reinstated probation on the original terms and conditions.

## DISCUSSION

Defendant contends the condition of her mandatory supervision that she "shall not possess or consume alcohol or illegal controlled substances," is unconstitutionally vague and overbroad because it does not contain a knowledge requirement. (We shall hereafter refer to this condition as the "drug and alcohol condition.") Defendant provides several examples of ways in which she could unknowingly violate the drug and alcohol condition and urges us to modify the condition to include a knowledge element. She asserts, "[f]or example, she could be carrying a friend's back pack and be in constructive possession of its contents without knowing it contained a can of beer," or she could violate the condition by borrowing a car and driving it without knowing there was alcohol in the trunk, or a friend could bring alcohol into defendant's home and leave it there without defendant's knowledge. The Attorney General agrees that the condition is unconstitutionally vague and that "this Court may add a knowledge requirement."

A threshold question is whether a condition of mandatory supervision is treated the same as a condition of probation. Although mandatory supervision is to be monitored by county probation officers "in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation" (§ 1170, subd. (h)(5)(B)(i)), "this does not mean placing a defendant on mandatory supervision is the equivalent of granting probation or giving a conditional sentence. Indeed, section 1170, subdivision (h), comes

4

into play only after probation has been denied." (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422 (*Fandinola*).)  In *Fandinola*, the court concluded that "mandatory supervision is more similar to parole than probation." (*Id.* at p. 1423.)  The court reasoned that under section 667.5, subdivision (b), "prior prison terms" include a " 'term imposed under the provisions of paragraph (5) of subdivision (h), of [s]ection 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision.' " (*Fandinola*, at p. 1422.) "Thus, the Legislature has decided a county jail commitment followed by mandatory supervision imposed under section 1170, subdivision (h), is akin to a state prison commitment; it is not a grant of probation or a conditional sentence." (*Fandinola*, at p. 1422.)  We therefore analyze the validity of conditions of mandatory supervision under standards applied to terms and conditions of parole.  (*People v. Martinez* (2014) 226 Cal.App.4th 759, 763 (*Martinez*).)

Although a parolee is no longer confined in prison, his or her status requires restrictions that may not be imposed on members of the public generally.  (*People v. Lewis* (1999) 74 Cal.App.4th 662, 669-670.)  The fundamental goals of parole are:  (1) to help parolees reintegrate into society as constructive individuals, (2) to end criminal careers through the rehabilitation of those convicted of crime, and (3) to help them become self-supporting.  (*Martinez*, *supra*, 226 Cal.App.4th at p. 763.)  "In furtherance of these goals, '[t]he state may impose any condition reasonably related to parole supervision.' [Citation.]  These conditions 'must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee.' " (*Ibid.*)

Despite the differences between probation and parole, "the validity and reasonableness of parole conditions is analyzed under the same standard as that developed for probation conditions." (*Martinez*, *supra*, 226 Cal.App.4th at p. 764.)  Since mandatory supervision is similar to parole, we apply the standards that are applicable to probation conditions to conditions of mandatory supervision.

5

Whether a probation condition is unconstitutionally vague or overbroad presents a question of law, which we review de novo. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888 (*Sheena K.*).) Defendant did not object to the drug and alcohol condition in the trial court. But a reviewing court may examine the constitutionality of a probation condition on appeal without objection in the trial court if it is capable of correction as a matter of law without reference to the particular sentencing record in the trial court. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 878-879, 888-889.)

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*People v. Olguin* (2008) 45 Cal.4th 375, 384, quoting *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153 (*E.O.*).)

A "probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness. [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) In short, "overbreadth involves the scope of a directive while vagueness involves its clarity." (*People v. Hall* (May 15, 2015, A141278) __ Cal.App.4th __ [2015 Cal.App. Lexis 422, *4, fn. 3] (*Hall*).)

In considering a condition prohibiting a minor from associating with " 'anyone disapproved of by probation,' " the California Supreme Court in *Sheena K* reasoned that the foundation of a vagueness challenge is the due process concept of " 'fair warning.' " (*Sheena K.*, *supra*, 40 Cal.4th at pp. 889-890.) The vagueness doctrine "bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so

6

vague that men [or women] of common intelligence must necessarily guess at its meaning and differ as to its application." ' " (*Id.* at p. 890.)  The court concluded that, in the absence of "an express requirement of knowledge," the challenged probation condition was unconstitutionally vague because it did not give advance notice to the minor of the persons with whom she was prohibited from associating.  (*Id.* at p. 891.)

As this court has observed:  "In a variety of contexts, . . . California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances."  (*People v. Kim* (2011) 193 Cal.App.4th 836, 843.)  Probation conditions have been modified in a host of cases where they failed to include language requiring the probationer's knowing violation of the condition.  (See e.g., *People v. Petty* (2013) 213 Cal.App.4th 1410, 1424-1425 [condition prohibiting the defendant from coming within 100 yards of the victim or her daughter modified to add knowledge requirement]; *People v. Moses* (2011) 199 Cal.App.4th 374, 376-377 (*Moses*) [probation conditions prohibiting the defendant from (1) owning, using, or possessing sexually explicit material, (2) associating with minors, or (3) frequenting places where minors congregate modified to add knowledge requirement]; *In re Victor L.* (2010) 182 Cal.App.4th 902, 911-912, 931 [condition prohibiting minor from associating with "anyone [with] whom a parent or Probation Officers prohibit association" modified to add knowledge requirement]; *People v. Leon* (2010) 181 Cal.App.4th 943, 949-950 [probation condition prohibiting association with gang members modified to add knowledge requirement].)

Both parties cite this court's decision in *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*).  The defendant in *Rodriguez* challenged, among other things, a probation condition that stated:  " 'Not use or possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician . . . .' " (*Id.* at p. 592.)  This court observed that case law had interpreted the California Uniform Controlled Substances Act (Health & Saf. Code, § 11000 et seq.) as including an implicit

7

knowledge requirement.  (*Rodriguez*, at p. 593.)  Thus, *Rodriguez* reasoned that to the extent the challenged probation condition reinforced the defendant's statutory obligations, "the same knowledge element which ha[d] been found to be implicit in those statutes [was] reasonably implicit in the condition." (*Ibid.*)  Nevertheless, this court ordered the condition modified to add an express knowledge requirement because the condition included alcohol and "intoxicants," and was not limited to substances regulated by statute.  (*Id.* at pp. 593-594.)

A line of cases has examined the need to add a knowledge requirement to probation conditions that have been described as "category conditions," i.e., probation conditions that prohibit conduct "related to a category of associations, places, or items." (*Hall*, *supra*, __ Cal.App.4th __ [2015 Cal.App. Lexis 422, at p. *4].)  As we have noted, appellate courts have modified vague category conditions on a case-by-case basis to incorporate a knowledge requirement into the condition being challenged.  (Accord, *Hall*, at p. *10.)  The Third District Court of Appeal took a different approach in *People v. Patel* (2011) 196 Cal.App.4th 956 (*Patel*).  Frustrated with the "dismaying regularity" of having to "revisit the issue in orders of probation," the court incorporated, by operation of law, a blanket knowledge requirement into all category conditions.  (*Id.* at p. 960 ["We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly"].)  But other courts have declined to follow *Patel*.  (*Hall*, at p. *10, citing *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1351; *Moses*, *supra*, 199 Cal.App.4th at pp. 380-381; and *People v. Garcia* (1993) 19 Cal.App.4th 97, 102-103.)

Recently, in *Hall*, the First District Court of Appeal observed that "[f]ailing to distinguish between the reasons for using a knowledge requirement to modify a vague category condition and mens-rea principles has led some appellate courts to modify conditions imprecisely or unnecessarily." (*Hall*, *supra*, __ Cal.App.4th __ [2015 Cal.App. Lexis 422, at pp. *14-*15].)  As in this case, the defendant in *Hall* argued that

8

the word "knowingly" must be inserted into two probation conditions that admonished him to stay away from weapons and illegal drugs "because without it he could be found to violate probation by unwittingly doing something prohibited." (*Id*. at pp. *1, *22.) The court disagreed. The court stated, "contrary to Hall's argument, there is nothing that requires sentencing courts to include, or appellate courts to incorporate, a requirement that the probationer 'knowingly' violate a condition in order to protect against enforcement of unwitting violations." (*Id.* at p. *17.) "[T]he best approach is for appellate courts to incorporate an express knowledge requirement into category conditions only when necessary to cure a truly vague category, and then to do so by incorporating a requirement that the probationer *know* the association, place, or item falls within the prohibited category." (*Id.* at p. *18; original italics.) The court reasoned that the "implied mens rea of willfulness must be established to find a probation violation, and this protects [the probationer] from being punished for an unwitting failure to comply with a condition. If he borrows a jacket but does not know it contains a weapon or eats a brownie but does not know it contains marijuana, he will lack the necessary mens rea to be found in violation of his probation." (*Id.* at pp. *22-*23.) The court also concluded that "modifying vague category conditions to incorporate a requirement that the probationer must *knowingly* violate the condition is imprecise and unnecessary to protect against unwitting violations." (*Id.* at pp. *23-*24; original italics.) For these reasons, the *Hall* court held that the probation conditions at issue in that case were not unconstitutionally vague. (*Id.* at pp. *18-*24.)

As in *Hall*, defendant here challenges a "category condition" of her mandatory supervision that prohibits her from possessing alcohol or illegal controlled substances, arguing that it is unconstitutionally vague because it lacks a knowledge requirement, which could lead to unwitting violations of the condition. But even if the addition of a knowledge requirement is not required on constitutional grounds, as the court held in *Hall*, we believe the addition of such language is good practice to insure defendant is

9

fully informed of the proscriptions placed on her conduct, in the interest of promoting her rehabilitation. As this court noted in *Rodriguez*, "the addition of an express knowledge requirement will eliminate any potential for vagueness or overbreadth in applying the condition." (*Rodriguez*, *supra*, 222 Cal.App.4th at p. 594.) To prevent arbitrary enforcement and to provide clear notice of what conduct will constitute a violation, we will accept the Attorney General's concession and, as requested by the parties, will modify the drug and alcohol condition as follows: "You shall not knowingly possess or consume alcohol or illegal controlled substances."

### DISPOSITION

The condition of defendant's mandatory supervision that she "shall not possess or consume alcohol or illegal controlled substances," is modified as follows: "You shall not knowingly possess or consume alcohol or illegal controlled substances." As so modified, the judgment is affirmed.

_____
Márquez, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.




_____
Mihara, J.