Filed 5/6/16  P. v. Byrn CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079887 |
| Plaintiff and Respondent, | (Super. Ct. No. CM043025) |
| v. | |
| DANIEL MICHAEL BYRN, | |
| Defendant and Appellant. | |

Defendant Daniel Michael Byrn entered a no contest plea to manufacturing a controlled substance—butane honey oil.  (Health & Saf. Code, § 11379.6, subd. (a)).[1]

The trial court denied probation and sentenced defendant to county prison (Pen. Code, § 1170, subd. (h)) for the upper term of seven years.  The court ordered defendant

---

[1] Codefendant Brandi Ann Smith was charged with the same offense.  She is not a party to this appeal.

to serve 608 days of the sentence in custody, with 120 days of credit, and suspended the balance pending completion of postrelease community supervision (PRCS).

Defendant appeals.  He contends (1) defense counsel rendered ineffective assistance in failing to object to the trial court's findings in imposing the upper term, (2) the condition of mandatory supervision requiring defendant to make available for inspection any data storage device and any network applications is unconstitutionally overbroad and should be stricken, and (3) the condition of mandatory supervision prohibiting defendant from contacting and communicating with Brandi Ann Smith is unconstitutionally overbroad and must be modified.  We will reject defendant's contentions and affirm the judgment.

## FACTUAL BACKGROUND

About 2:00 p.m. on May 10, 2015, defendant was walking away from a pharmacy carrying two large backpacks, a duffle bag, and a purse.  An officer contacted defendant who explained he was waiting for his girlfriend (Smith) who was inside the pharmacy.

When defendant set the purse down, it opened and the officer observed a clear container with a dark liquid that was actively boiling without a heat source.  Defendant explained the substance was " 'weed wax' " and he was burning off the butane.  Defendant provided an expired marijuana recommendation to the officer.  The officer learned defendant had a "no cite" misdemeanor warrant from Sacramento County.  The officer arrested defendant.

A search of defendant's person revealed a knife, a container of hash, a bag of marijuana, a USB cable, and a pair of earbud headphones.  Defendant claimed he purchased the USB cable from the pharmacy but did not have a receipt.  A search of the backpack revealed a glass extraction tube, a PVC pipe, 13 lighters with butane, a bag of marijuana, a bag with two hypodermic needles, and a blowtorch.  In the other backpack,

2

the officer found a Tazer. In the duffle bag, the officer found Smith's identification and new merchandise, including cosmetics, shoes, batteries, and hygiene products.

Pharmacy staff reported defendant and Smith had entered the store three hours earlier. Defendant would make a purchase and return the item for a refund. Staff found empty product packaging around the store since the pair had entered the store. When confronted by the manager, Smith emptied her purse and several items of merchandise from the store were found totaling $758.

## DISCUSSION

### 1.0    Ineffective Assistance of Trial Counsel

Defendant contends defense counsel rendered ineffective assistance in failing to object to two of the four factors the trial court found in aggravation to impose the upper term. We reject this contention.

#### 1.1    Background

A probation report summarized defendant's criminal history, which included juvenile adjudications for grand theft (2004), first degree burglary (2006), and misrepresenting himself as a peace officer (2007). As an adult, defendant was convicted of receiving stolen property (2008) and violating a protective order, a misdemeanor (2012). Defendant had served a prior prison term in 2011, and had numerous violations of probation, parole, and PRCS. The probation officer recommended the upper term of seven years, citing no mitigating factors. In aggravation, the probation officer concluded the manner in which the offense was carried out indicated planning and sophistication, defendant had served a prior prison term, and his performance on probation, parole, and PRCS was unsatisfactory.

At sentencing, the court announced that it planned to impose the upper term with PRCS. The prosecutor objected to supervision in lieu of incarceration. Defense counsel

3

requested supervision. Defense counsel argued that defendant's offense was not sophisticated but was committed for defendant's personal use. Defense counsel sought the midterm sentence, citing defendant's minimal record and his acceptance into a recovery program.

In denying probation, the court concluded defendant was not eligible but even if he were eligible, probation would be denied based on "[t]he nature, seriousness and circumstances of this case; the prior record of criminal conduct indicates a pattern of regular and increasingly serious criminal conduct; [and] [defendant's] prior performance on probation, . . . PRCS, and parole was unsuccessful." In imposing the upper term, the court found the factors in aggravation outweighed those in mitigation. In aggravation, the court found the manner in which the crime was committed indicated planning and sophistication and commented on defendant's conduct of "carry[ing] around a butane honey oil lab in the middle of a drought is highly, highly dangerous behavior." The court also cited defendant's prior prison term and his unsatisfactory performance on PRCS. In mitigation, the court noted that defendant had admitted wrongdoing at an early stage, that defendant was willing to comply with the terms and conditions of probation, and that he had been accepted into a recovery program for his marijuana addiction. Defense counsel did not object to the court's findings.

### 1.2    Analysis

Defendant contends defense counsel failed to object to two of the four findings as not supported by the record, that is, that defendant's record indicates a pattern of regular and increasingly serious criminal conduct and that the manner in which the crime was carried out indicates planning and sophistication.

To establish ineffective assistance of counsel, defendant must demonstrate that counsel rendered deficient performance, that is, it fell below an objective standard of reasonableness under prevailing professional norms, and that defendant suffered

4

prejudice as a result, that is, there is a reasonable probability that but for counsel's failings the result would have been more favorable to defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-696 [80 L.Ed.2d 674]; *People v. Samayoa* (1997) 15 Cal.4th 795, 845.) "[T]he mere failure to object rarely rises to a level implicating one's constitutional right to effective legal counsel." (*People v. Boyette* (2002) 29 Cal.4th 381, 433.)

Here, the probation officer recommended the upper term, citing no factors in mitigation and several in aggravation, and the court stated at the beginning of sentencing that it intended to impose the upper term. Defense counsel sought the midterm, arguing that defendant's offense of carrying around a honey oil lab cooking purse was not sophisticated and claimed defendant was making it for his personal use. Defense counsel argued that defendant had a minimal record, noting defendant had only one prior felony conviction and one prior misdemeanor conviction. The trial court disagreed and found otherwise. Defense counsel made his record. Defendant has failed to demonstrate that counsel's performance was deficient.

Further, defendant has failed to demonstrate prejudice. The trial court found defendant had served a prior prison term and his performance on PRCS was unsatisfactory, each a separate independent aggravating factor. (Cal. Rules of Court, rules 4.420(b), 4.421(b)(3), (4).) Defendant does not challenge these factors. A single aggravating factor supports the court's choice to impose the upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 728.) We conclude that defendant has failed to demonstrate a reasonable likelihood of a more favorable outcome had counsel objected.

## 2.0 Special Condition No. 65 of Mandatory Supervision

As a condition of mandatory supervision, the court imposed special condition No. 65, which states: "The defendant shall be required to make available for inspection, including providing passwords or unlock codes, any data storage device, including

cellular telephones and computers, and any network applications associated with those devices, including social media and remote storage services. All said devices are subject to search by any peace officer upon request." Defense counsel did not object.

Defendant challenges the condition as unconstitutionally overbroad, impinging on his rights to privacy and free speech, and invalid under *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*). He argues the condition should be stricken. The People respond that defendant's challenge is forfeited for failure to object to the condition in the trial court. We agree with the People.

*Lent* held that "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*Lent*, *supra*, 15 Cal.3d at p. 486.) The failure to object to a probation condition on *Lent* grounds in the trial court forfeits the claim on appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 594 (*McCullough*); see also *People v. Scott* (1994) 9 Cal.4th 331, 355; *People v. Welch* (1993) 5 Cal.4th 228, 234-235, 237.) Defendant's challenge to special condition No. 65 on *Lent* grounds is forfeited.

Any "probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K*. (2007) 40 Cal.4th 875, 890 (*Sheena K*.).) A constitutional right may be forfeited as well by failing to timely object. (*McCullough*, *supra*, 56 Cal.4th at p. 593; *Sheena K., at p. 889.) "*Scott* and *Welch* also distinguished between an alleged factual error that had necessarily not been addressed below or developed in the record because the defendant failed to object, and a claimed legal error, which 'can be resolved without reference to the particular sentencing record developed in the trial court.' [Citation.] We observed that we may review an

6

asserted legal error in sentencing for the first time on appeal where we would not review an asserted factual error. [Citation.] In the case of an asserted legal error, '[a]ppellate courts are willing to intervene in the first instance because such error is "clear and correctable" independent of any factual issues presented by the record at sentencing.' " (*McCullough*, *supra*, 56 Cal.4th at p. 594.)

Defendant asserts his constitutional claim is a question of law and is not forfeited for failure to object. Defendant argues "even when resolving constitutional challenges that present questions of law, . . . the court may consider the facts of the case to distinguish applicable law from inapplicable law [which] does not turn a question of law into a question of fact."

Defendant misplaces his reliance upon *In re Malik J.* (2015) 240 Cal.App.4th 896 and *In re Erica R.* (2015) 240 Cal.App.4th 907; the minor's attorney in both cases objected in the juvenile court to the particular probation condition challenged on appeal. (*Malik J.*, at p. 900; *Erica R.*, at p. 910.)

Defendant also misplaces his reliance upon *People v. Martinez* (2014) 226 Cal.App.4th 759 and *In re Patrick F.* (2015) 242 Cal.App.4th 104. *Patrick F.* was granted review after briefing in this case and is no longer citable (review granted Feb. 17, 2016, S231428). *Martinez* stated that a challenge to a probation condition as overbroad presents a question of law and that "failure to object below that a condition is unconstitutionally overbroad does not forfeit review of the issue on appeal." (*Martinez*, *supra*, 226 Cal.App.4th at pp. 765-766.) *Martinez* cited *Sheena K.* for this latter proposition but *Martinez* failed to discuss *Sheena K.*'s recognition that the failure to object forfeits the issue as to whether the condition is unconstitutionally overbroad when it cannot be resolved " 'without reference to the particular sentencing record developed in the trial court.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)

7

Defendant argues that compared to *Malik J.*, "there is even less of a connection between the offense and the condition" and that in *Malik J.* "there was at least evidence that the minor's robberies involved cell phones." Defendant claims his crime "has nothing to do with electronic devices, social media, computers, or electronic data." Defendant's reliance upon specific facts refutes his claim that the issue is purely a question of law. (See *People v. Kendrick* (2014) 226 Cal.App.4th 769, 776-778.) We conclude that defendant's constitutional challenge to special condition No. 65 is forfeited as well.

**3.0     No-contact Condition of Supervised Release**

The probation officer recommended and the court imposed special condition of supervised release No. 14, which provides:  "Do not in any way, personally or through any third party, contact or communicate with [codefendant] BRANDI ANN SMITH." Defense counsel did not object.

Defendant contends the condition is unconstitutionally overbroad, unduly infringing upon his First Amendment right to freedom of association, and must be modified.  The People respond that defendant's constitutional challenge has been forfeited because it depends on the facts in the record and does not represent a facial challenge.  We agree with the People.

"A limitation on the right to associate which takes the form of a probation condition is permissible if it is '(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends.' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 628.)  " '[R]estriction of the right of association is part of the nature of the criminal process.' [Citation.]  Thus, 'freedom of association may be restricted if reasonably necessary to accomplish the essential needs of the state.' [Citation.]  Where a defendant is convicted of drug possession and admits drug use, a

8

condition of probation that the defendant not associate with other admitted and suspected users is valid." (*People v. Peck* (1996) 52 Cal.App.4th 351, 363.)

At sentencing, defendant did not object when the no-contact condition was imposed. On appeal, defendant claims that there was nothing suggesting Smith was involved in or knew of the honey oil. Defendant also claims he had an intimate relationship with Smith and the condition unduly impinges on his right to marry.

Defendant's claim of asserted error is not a facial challenge and cannot be resolved without reference to the record below. We conclude that defendant's belated challenge to the no-contact condition is forfeited.

## DISPOSITION

The judgment is affirmed.

      BUTZ      , J.

We concur:

    HULL    , Acting P. J.

    DUARTE    , J.