Filed 9/15/16  P. v. Martinez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>DAMEIN MARTINEZ,<br><br>　　　　Defendant and Appellant. | A145585<br><br>(Solano County<br>Super. Ct. No. FCR312123) |

Defendant Damein Martinez appeals from an order granting probation after he pleaded no contest to a felony count of attempted second degree robbery.  He contends that six of his gang-related probation conditions are unconstitutionally vague because they lack an express knowledge requirement and do not include a definition of the term "gang."  He further claims that one of those conditions is unconstitutionally overbroad, based on his interpretation that it forbids him from acquiring any tattoos, not just gang-related ones.  Finally, he argues that a condition prohibiting him from possessing weapons (the weapon-possession condition) is vague without the addition of the word "knowingly" and overbroad because it does not protect his right to use a weapon in self-defense.  We conclude that the challenged gang conditions must be modified to include a knowledge requirement but otherwise affirm.

# I.
## FACTUAL AND PROCEDURAL
## BACKGROUND

In January 2015, Martinez approached the victim, displayed a knife, and demanded the victim's keys.[1] After the victim refused, Martinez's juvenile co-offender grabbed the victim's throat and pinned the victim to a wall. As he was released, the victim "felt a sharp object poke him in his back," which he believed to be Martinez's knife. Martinez and the co-offender fled and were eventually arrested by the Vacaville police.

Martinez was charged with a felony count of attempted second degree robbery, accompanied by the allegation that he personally used a deadly and dangerous weapon, and a felony count of assault with a deadly weapon.[2] Under a plea agreement, he pleaded no contest to the attempted-robbery count, and the enhancement allegation and remaining count were dismissed. The trial court suspended imposition of the sentence and placed Martinez on formal probation for four years.

On appeal, Martinez challenges six probation conditions that appear under the heading "Gang Terms" in the written probation order. (Some capitalization omitted.) These conditions prohibit him from (1) "associating with any known gang members or associates of any gang"; (2) "associating with anyone who possesses weapons"; (3) "wearing any gang[-]associated clothing, emblems[,] or insignias"; (4) "possessing any type of gang-related paraphernalia, including, but not limited to, gang graffiti, symbols, photographs, [and] member rosters or other gang writings or gang-oriented publications"; (5) "acquiring any additional tattoos, permanent or temporary, or any other type of gang-related marks or scars or burns"; and (6) "being present at any court proceeding involving

---

[1] The facts in this paragraph are drawn from the probation report.

[2] The charges were brought under Penal Code sections 211 and 664 (attempted robbery) and 245, subdivision (a)(1) (assault). The personal-use allegation was made under Penal Code section 12022, subdivision (b)(1). All further statutory references are to the Penal Code.

gang members in which he is not a party or a subpoenaed witness."[3]  Martinez objected

to the imposition of gang terms on the basis that the crime was not gang-related, but the

trial court found they were appropriate because he had a reported affiliation with a gang

and had "recently acquired [a] gang tattoo."

Martinez also challenges a probation condition that directs him "not to own or

have in his possession[,] custody[,] or control any firearm, ammunition for firearms[,] or

any other type of dangerous or deadly weapon."[4]  He did not object to the imposition of

this term.

## II.
### DISCUSSION

#### A.  The Six Challenged Gang-related Conditions Must Be Modified to Expressly Require Martinez's Knowledge of What Is Prohibited.

Martinez claims that six of the gang-related probation conditions are vague

because the term "gang" is not defined and the conditions lack an express knowledge

requirement.  He also claims that the term prohibiting additional tattoos is overbroad

because it covers all tattoos, not just gang-related ones.  We agree that these six

conditions must be modified to include or clarify an express knowledge requirement, but

we are not persuaded by Martinez's remaining contentions.

Trial courts have "broad discretion to impose [probation] conditions to foster

rehabilitation and to protect public safety. . . ."  (*People v. Carbajal* (1995) 10 Cal.4th

1114, 1120; see § 1203.1, subd. (j).)  A probation condition must, however, " 'be

sufficiently precise for the probationer to know what is required of him [or her], and for

the court to determine whether the condition has been violated,' " or else it is

unconstitutionally vague.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)  In

---

[3] The quoted language is from the juvenile court's oral pronouncement, which is consistent with the written probation order in all relevant respects except that it eliminates a redundancy in the weapon-related term.  We conclude that the oral pronouncement controls.  (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.)

[4] The quoted language is from the juvenile court's oral pronouncement, which is consistent with the written term.

3

addition, if a condition "imposes limitations on a person's constitutional rights," it "must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Ibid.*)

We review vagueness and overbreadth claims de novo. (*People v. Martinez* (2014) 226 Cal.App.4th 759, 765.) The Attorney General does not argue that Martinez's failure to raise constitutional objections below to the challenged gang-related conditions resulted in a forfeiture of his claims, and we will consider these claims on the merits. (See *Sheena K.*, *supra*, 40 Cal.4th at p. 889; *Martinez*, at pp. 765-766.)

Initially, we disagree with Martinez that the gang-related conditions are vague because they lack a specific definition of the term "gang." He relies on *People v. Lopez* (1998) 66 Cal.App.4th 615, which concluded that although the term "gang" was "on its face, uncertain in meaning," in context "it [was] apparent the word was intended to apply only to associations which have for their purpose the commission of crimes." (*Id.* at pp. 631-632.) Despite its determination that the term was sufficiently clear in context, the *Lopez* court ordered the probation condition at issue modified to incorporate the definition of "criminal street gang" in section 186.22. (*Id.* at pp. 632-634, 638.) We agree with *Lopez* that the term is sufficiently clear in context, and adding a definition of the term "gang" is therefore unnecessary. (See *In re Justin S.* (2001) 93 Cal.App.4th 811, 816, fn. 3 [declining to modify probation condition to refer to statutory definition of " 'gang' " because word's definition was "fairly implied in the condition"].)

Martinez also argues that six of the gang-related conditions are vague because they lack an express knowledge requirement. "California appellate courts have routinely added an explicit knowledge requirement to probation conditions prohibiting a probationer from associating with certain categories of persons, frequenting or remaining in certain areas or establishments, and possessing certain items." (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1184.) There is a distinction between categories "that are not easily amenable to precise definition," which justify such a knowledge requirement (*id.* at p. 1185), and categories whose scope is sufficiently apparent, which do not.

4

Based on this distinction, we agree with Martinez that the probation condition prohibiting him from "associating with anyone who possesses weapons" must be modified to prohibit him from associating with anyone who *he knows* possesses weapons. Similarly, we agree that the condition prohibiting him from "being present at any court proceeding involving gang members" must be modified to prohibit him from being present at any court proceeding that *he knows* involves gang members. In addition, the conditions involving "gang[-]associated clothing, emblems[,] or insignias," "gang-related paraphernalia," and "gang-related" tattoos and other markings must be modified to prohibit him from wearing, possessing, or acquiring items that *he knows* are gang-related. It may not be immediately apparent whether a person has a weapon, whether a court proceeding involves a gang member (particularly if such gang affiliation has nothing to do with the case), or whether various items or symbols are gang-related, and an express knowledge requirement is therefore appropriate. (See *In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913; *People v. Leon* (2010) 181 Cal.App.4th 943, 949-951, 954.) Finally, we agree that the condition prohibiting Martinez from "associating with any known gang members or associates of any gang" should be modified to clarify that *his* knowledge of a particular person's status is required.[5] (See *In re H.C.* (2009) 175 Cal.App.4th 1067, 1071-1072.)

Martinez argues that one of the probation conditions that we have concluded must be modified, which prohibits him "from acquiring any additional tattoos, permanent or temporary, or any other type of gang-related marks or scars or burns," is also overbroad. He claims that the condition prohibits him from acquiring any kind of tattoo and therefore impermissibly infringes on his First Amendment rights. We are not persuaded, and we conclude that the condition covers only gang-related tattoos. By using the phrase "any

---

[5] The Attorney General asks that we include the phrase "or reasonably should know" in any modification we make. Although we agree that a constructive knowledge requirement is permissible (see *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 588-589), one is not necessary, and there is no evidence that the trial court intended to impose such a requirement here.

*other* type of gang-related marks or scars or burns," the juvenile court made clear that only gang-related tattoos are forbidden. (Italics added.) And given that the condition is designated as a gang term, it is more reasonable to interpret it to address only gang-related body modifications. (See *People v. Olguin* (2008) 45 Cal.4th 375, 382 [probation conditions interpreted to give them " 'the meaning that would appear to a reasonable, objective reader' "].) In any event, we have already removed any ambiguity by modifying this condition to address the knowledge issue, so that the condition now forbids Martinez from acquiring "additional tattoos, permanent or temporary, or any other type of marks or scars or burns that defendant knows are gang-related."

  B.  *The Weapon-possession Condition Is Neither Vague nor Overbroad.*

  Martinez claims that the weapon-possession condition is vague because it does not include an express scienter requirement and overbroad because it infringes on his right to act in self-defense. We disagree.

  As discussed above, to avoid vagueness a probation condition must " 'be sufficiently precise' " to give notice and enable fair enforcement, and to avoid overbreadth it must be narrowly tailored to its purpose if it infringes on a probationer's constitutional rights. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) We review Martinez's vagueness and overbreadth claims de novo, and we consider them on the merits despite his failure to object to the weapon-possession condition below. (*People v. Martinez*, *supra*, 226 Cal.App.4th at pp. 765-766; see *Sheena K.*, at p. 889.)

  Martinez contends that the weapon-possession condition is vague because it does not include an express scienter requirement that he "knowingly" possess the prohibited weapons.[6] Such an express scienter requirement is unnecessary, however, because "[a] court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation,' " as opposed to an unintentional violation due to circumstances beyond the

---

[6] A similar issue is currently pending before our state Supreme Court. (*People v. Hall* (2015) 236 Cal.App.4th 1124, review granted Sept. 9, 2015, S227193.)

probationer's control.  (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.)  As a result, there is no need to modify the condition to make this requirement explicit.  (See, e.g., *People v. Contreras* (2015) 237 Cal.App.4th 868, 887; *People v. Rodriguez*, *supra*, 222 Cal.App.4th at p. 591; *People v. Moore*, *supra*, 211 Cal.App.4th at p. 1185.)

Martinez also claims that the weapon-possession condition must be modified "to permit temporary possession for the purposes of using a weapon in self-defense" because "[s]elf-defense is one of the 'inalienable rights' secured by the California Constitution." In *People v. Forrest* (2015) 237 Cal.App.4th 1074, the Fourth District Court of Appeal rejected the same argument.  (*Id.* at pp. 1082-1083.)  The court concluded that no modification to address self-defense was necessary, reasoning that an express reference to that concept might lead a probationer to wrongly believe that possessing a weapon was permitted "in some circumstances in anticipation of the possible need for self-defense" and that "no reasonable law enforcement official or court [would] interpret the prohibition of weapon possession to extend to a fleeting possession of a weapon" in self-defense.  (*Id.* at p. 1083.)

Urging us to disregard *People v. Forrest*, *supra*, 237 Cal.App.4th 1074 as wrongly decided, Martinez claims that there is "no authority . . . suggesting that a probation term can dispense with a constitutionally-protected right merely so that the condition will read more forcefully to the defendant."  The *Forrest* court did not "dispense with" a probationer's right to self-defense, however, but merely determined that a weapon-possession condition need not expressly recognize that right to be constitutional. Martinez also argues that "the *Forrest* court's confidence in the discretion of law enforcement and lower courts" is misplaced because a probation condition is akin to a contract term and "must be precise and represent the mutual understanding of the parties."  In certain circumstances, a condition could be *vague* because it leaves too much discretion to law enforcement officials and thus creates a risk of arbitrary enforcement. (See, e.g., *In re Victor L.*, *supra*, 182 Cal.App.4th at pp. 910, 913.)  But Martinez's claim is that the failure to exempt the possession of a weapon while acting in self-defense renders the condition too expansive, not too unclear.  In any event, probation conditions

need be only reasonably precise (*Sheena K.*, *supra*, 40 Cal.4th at p. 890), and "the void-for-vagueness doctrine does not apply simply ' " 'because there may be difficulty in determining whether some marginal or hypothetical act is covered by [the challenged] language.' " ' " (*In re Ana C.* (2016) 2 Cal App 5th 333, 341.) We agree with the reasoning in *Forrest* and conclude that no modification to address self-defense is warranted.

## III.
### DISPOSITION

The April 23, 2015 minute order and order of probation are modified as follows:

1.      The second gang-related condition is modified to read, "Not associate with persons who defendant knows are members or associates of any gang."

2.      The third gang-related condition is modified to read, "Not associate with persons who defendant knows are in possession of weapons."

3.      The fourth gang-related condition is modified to read, "Not wear any clothing, emblems, or insignias that defendant knows are gang-associated."

4.      The fifth gang-related condition is modified to read, "Not possess any paraphernalia that defendant knows are gang-related, including, but not limited to, gang graffiti, symbols, photographs, and member rosters or other gang writings or gang-oriented publications."

5.      The sixth gang-related condition is modified to read, "Not acquire any additional tattoos, permanent or temporary, or any other type of marks or scars or burns that defendant knows are gang-related."

6.      The seventh gang-related condition is modified to read, "Not attend any court proceedings that defendant knows involve gang members and to which defendant is not a party or a subpoenaed witness."

As so modified, the judgment is affirmed.

_____
Humes, P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.


*People v. Martinez* (A145585)

9