Filed 5/28/14

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058136 |
| v. | (Super.Ct.No. FVA1200579) |
| GUILLERMO ANTONIO MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed as modified.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Anthony Da Silva and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Guillermo Antonio Martinez pled no contest to resisting an executive officer (Pen. Code, § 69).[1]  In return, defendant was sentenced to county prison for two years (one year suspended) with credit for time served, plus one year of mandatory supervision under various terms and conditions.  On appeal, defendant challenges two of his mandatory supervision conditions.  For the reasons explained below, we will modify the supervision condition concerning presence in a court building.  As modified, we will affirm the order imposing the conditions of supervision, including the challenged gang condition.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On April 24, 2012, after receiving a dispatch call about a disturbance, Fontana police officers drove to a residence in Fontana and contacted defendant's mother.  Defendant's mother informed the officers that she took defendant's baseball cap because defendant took her cellular telephone and would not return it to her.  Defendant, who was 23 years old at the time, arrived while his mother was talking to the officers.

One of the officers separated defendant from his mother and began questioning him about the events leading to the disturbance.  While asking defendant questions, defendant showed the officer his tattoos and said that he no longer "'hangs out with the neighborhood.'"  As the officer was looking at defendant's tattoos, defendant lunged at

_____

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  The factual background is taken from the probation officer's report.

2

and grabbed the officer's collar, and told the officer "'[f]uck you.'" Defendant then began fighting the officer. Defendant was arrested.

On May 1, 2012, defendant was charged with felony resisting an executive officer in violation of section 69.

On August 23, 2012, defendant pled no contest to the charge.

Defendant informed the probation officer that he was 14 years old when he became a member of the Calle Townsend gang in Orange County and that he was 20 years old when he ended his membership with the gang and moved to San Bernardino County.

The sentencing hearing was held on January 31, 2013. At that time, the trial court indicated that it had read and considered the probation officer's report. Defense counsel objected to the drug terms. The court granted defense counsel's request, over the People's objection, and struck the drug terms. Defense counsel also objected to the gang terms, including term No. 24. The court denied defense counsel's request, noting that defendant's altercation with the officer began once the officer asked defendant about his gang tattoos. The court thereafter asked the parties if they had "[a]nything else [they] want[ed] to be heard about." Defense counsel responded in the negative, and noted the fines should be reduced to the minimum. Defendant was thereafter sentenced to county prison for two years (one year suspended) with credit of 38 days for time served, plus one year of mandatory supervision under various terms and conditions as modified.

## II

## DISCUSSION

A.    *Report to Local Police Gang Detail Condition*

Defendant contends that the trial court erred in imposing probation condition No. 24 requiring him to report to the local police gang unit, because it is unreasonable, there was no evidence he was currently or recently a gang member, and it has no rational relationship to his underlying conviction for resisting an officer.

Specifically, as a condition of supervised release, probation condition No. 24 requires defendant to "Report to the local police agency gang detail with a copy of [his] terms and conditions and show proof to the probation officer within fourteen (14) days from today[']s date or release from custody."

As an initial matter, we note that although supervised release is to be monitored by county probation officers "in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation" (§ 1170, subd. (h)(5)(B)(i)), "this does not mean placing a defendant on mandatory supervision is the equivalent of granting probation or giving a conditional sentence.  Indeed, section 1170, subdivision (h), comes into play only after probation has been denied." (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422, citing *People v. Cruz* (2012) 207 Cal.App.4th 664, 671 ["'once probation has been denied, felons who are eligible to be sentenced under realignment will serve their terms of imprisonment in local custody rather than state prison'"].) "Moreover, section 667.5 provides for a one-year enhancement for 'prior prison terms,' including a 'term imposed under the provisions of paragraph (5) of subdivision (h), of

4

[s]ection 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision.' (§ 667.5, subd. (b).) Thus, the Legislature has decided a county jail commitment followed by mandatory supervision imposed under section 1170, subdivision (h), is akin to a state prison commitment; it is not a grant of probation or a conditional sentence." (*Fandinola*, *supra*, at p. 1422.) Therefore, as the court in *Fandinola* recently found, "mandatory supervision is more similar to parole than probation." (*Id*. at p. 1423.) We will therefore analyze the validity of the terms of supervised release under standards analogous to the conditions or parallel to those applied to terms of parole.

"In California, parolee status carries distinct disadvantages when compared to the situation of the law-abiding citizen. Even when released from actual confinement, a parolee is still constructively a prisoner subject to correctional authorities. [Citations.] The United States Supreme Court has characterized parole as 'an established variation on imprisonment' and a parolee as possessing 'not . . . the absolute liberty to which every citizen is entitled, but only . . . the conditional liberty properly dependent on observance of special parole restrictions.' [Citations.] Our own Supreme Court holds a like opinion: 'Although a parolee is no longer confined in prison his custody status is one which requires . . . restrictions which may not be imposed on members of the public generally.' [Citations.]" (*People v. Lewis* (1999) 74 Cal.App.4th 662, 669-670.)

The fundamental goals of parole are "'to help individuals reintegrate into society as constructive individuals' [citation], "'to end criminal careers through the rehabilitation of those convicted of crime'" [citation] and to [help them] become self-supporting." (*In*

5

*re Stevens* (2004) 119 Cal.App.4th 1228, 1233.) In furtherance of these goals, "[t]he state may impose any condition reasonably related to parole supervision." (*Ibid*.) These conditions "must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee." (*Id*. at p. 1234.)

The validity and reasonableness of parole conditions is analyzed under the same standard as that developed for probation conditions. (*In re Hudson* (2006) 143 Cal.App.4th 1, 9; *In re Stevens*, *supra*, 119 Cal.App.4th at p. 1233 ["[t]he criteria for assessing the constitutionality of conditions of probation also applies to conditions of parole"].) "A condition of [parole] will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of [parole] which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted, superseded on another ground by Proposition 8 as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290-292; see also *People v. Olguin* (2008) 45 Cal.4th 375, 379-380.)

In general, the courts are given broad discretion in fashioning terms of supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120; *People v. Urke* (2011) 197 Cal.App.4th 766, 774.) Thus, the imposition of a particular condition of probation is subject to review for abuse of that discretion. "As with any exercise of

6

discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances. [Citation.]" (*People v. Jungers* (2005) 127 Cal.App.4th 698, 702.)

Defendant contends the challenged gang condition here is unreasonable because his offense was not gang related, he denied being a current or recent gang member or being involved in a gang, he had been "jumped out" of the gang about three years earlier when he was 20 years old, and the condition is not reasonably calculated to prevent future criminality.[3] We disagree.

It has been noted that association with gang members is the first step to involvement in gang activity, so gang conditions have been found to be "'reasonably designed to prevent future criminal behavior.' [Citation.]" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 (*Lopez*).) "[P]robationary proscriptions against gang-related conduct [have been found] equally proper when imposed upon adult[s] . . . . The path from gang associations to criminal gang activity is open to adults as well as to minors." (*Id*. at p. 625.) Moreover, the federal courts "have found curtailments of an adult probationer's associations with specified groups to be proper where such restrictions serve a rehabilitative purpose, even where the crime in issue was not shown to have been group related." (*Ibid*.)

---

[3] Defendant does not challenge the conditions requiring him to not associate with known gang members, display gang signs, and wear gang attire, conceding these conditions were minimal intrusions and calculated at preventing future criminality.

Here, the probation officer's report discloses that defendant had a lengthy history of juvenile offenses and that he had committed gang-related crimes in 2004 and 2006. In addition, defendant had admitted membership in the Calle Townsend gang. Although defendant is an adult, he was only 23 at the time of sentencing and had only recently been "jumped out" of his gang. Furthermore, even though the current crime was apparently not gang-related, defendant lunged at and grabbed an officer while the officer was inspecting defendant's gang tattoos. Defendant's age, gang affiliation, and consistent pattern of criminal behavior warranted a conclusion by the court that his "disassociation from gang-connected activities was an essential element of any probationary effort at rehabilitation because it would insulate him from a source of temptation to continue to pursue a criminal lifestyle. [Citations.]" (*Lopez, supra*, 66 Cal.App.4th at p. 626.)

Probation condition No. 24 simply requires defendant to report to the local police agency gang detail with a copy of his mandatory supervision conditions. It does not require registration as a gang member. It is a term that allows the local law enforcement agency to be aware of defendant's mandatory supervision status and help his parole officer ensure defendant's compliance with his mandatory supervision conditions. Consequently, this condition is reasonably related to future criminality, and thus the trial court did not abuse its discretion when it imposed this condition.

B.      *Condition Prohibiting Defendant from a Court Building*

Defendant also challenges mandatory supervision condition No. 28, which prevents his presence at "any court building, including the lobby, hallway, courtroom, or parking lot unless" he is a party, defendant or witness. Defendant argues that the

8

condition should be stricken in its entirety because he is not currently involved in a gang, it is overly broad, and it infringes on his First Amendment right to access to the courts. The People respond that defendant is barred from raising this claim for the first time on appeal; and that the condition should be modified, not stricken, if this court addresses defendant's claim on the merits.

Whether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888.) The failure to object below that a condition is unconstitutionally overbroad does not forfeit review of the issue on appeal. (*Id*. at p. 889; *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127 [Fourth Dist., Div. Two].) We will therefore consider defendant's challenge to the constitutionality of condition No. 28.

Conditions of probation restricting a defendant from appearing in court unless he or she is a party or a witness have been upheld as valid gang conditions in prior published decisions. (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502; *Lopez*, *supra*, 66 Cal.App.4th at pp. 624-625.) Schools and courthouses are "known gang gathering areas" and the restriction on court attendance is aimed at preventing the gathering of gang members to intimidate witnesses at court proceedings. (*In re Laylah K.* at p. 1502.)

More recently, however, *NBC Subsidiary (KNBC–TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178 extensively analyzed United States Supreme Court precedent before concluding that there is a First Amendment right of public access to court proceedings, both criminal and civil (*id*. at pp. 1207-1209), and that court proceedings may be closed only in limited and specific circumstances. (*Id*. at pp. 1217-1218.)

9

In *People v. Perez* (2009) 176 Cal.App.4th 380 (*Perez*), the Second District Court of Appeal considered the constitutionality of a probation condition that prohibited the probationer from attending any court hearing or being within 500 feet of any court in which the defendant was neither a defendant nor a subpoenaed witness.  (*Id.* at p. 383.)  The court concluded that the condition imposed unnecessary restrictions on the probationer's "right to access the courts and government offices" (*id.* at p. 385), so the court struck the condition and remanded the case to the trial court to "impose a narrower condition if it deems necessary."  (*Id.* at p. 386.)

In *People v. Leon* (2010) 181 Cal.App.4th 943, the Sixth District Court of Appeal considered a constitutional challenge to a condition that stated, "'You shall not appear at any court proceeding unless you're a party, you're a defendant in a criminal action, subpoenaed as a witness, or with permission of probation.'"  (*Id.* at p. 952.)  To limit infringement on the defendant's First Amendment right of access to court proceedings, *Leon* modified the condition to provide:  "You shall not be present at any court proceeding where you know or the probation officer informs you that a member of a criminal street gang is present or that the proceeding concerns a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, you are subpoenaed as a witness, or you have the prior permission of your probation officer."  (*Id.* at p. 954.)

In *In re E.O.* (2010) 188 Cal.App.4th 1149 (*E.O.*), a different panel of the Sixth District Court of Appeal considered the constitutionality of a condition that stated "'[t]hat said minor not knowingly come within 25 feet of a Courthouse when the minor knows

10

there are criminal or juvenile proceedings occurring which involves [*sic*] anyone the minor knows to be a gang member or where the minor knows a witness or victim of gang-related activity will be present, unless the minor is a party in the action or subpoenaed as a witness or needs access to the area for a legitimate purpose or has prior permission from his Probation Officer.'" (*Id*. at p. 1152.)

Even though the challenged condition was limited to criminal proceedings involving gang members, *E.O.* concluded that it was overbroad. (*E.O., supra,* 188 Cal.App.4th at p. 1157.) The opinion noted that another unchallenged condition prohibiting gang activity would seem to serve the apparent concern of this challenged condition of preventing "intimidation by gang members of witnesses to or victims of crimes with which other gang members are charged." (*Id*. at p. 1155.) Following *Perez*, *E.O.* struck the condition rather than modifying it and indicated that the trial court should hold a new hearing to reconsider the necessity and purpose of the condition if requested by either party. (*Id*. at pp. 1157-1158.) In a lengthy footnote, *E.O.* also suggested appropriate language if the trial court were to find such a restriction justified.

Defendant, distinguishing *Leon*, argues that because the defendant in *Leon* was found to be currently involved with a gang, unlike here where the only evidence was that defendant was involved in a gang until age 20 and in a different county, it would not be proper to modify the courthouse condition. The People assert that we should modify defendant's condition as suggested by the *Leon* court.

Because this condition was added as part of defendant's gang terms, it appears to be intended to prevent him from intimidating witnesses in gang-related proceedings.

11

Furthermore, as discussed above, the gang-related conditions are proper and reasonable in this case.  With judicial economy in mind, instead of simply striking the condition as did *Perez* and *E.O.* to give the trial court an opportunity to reformulate it, we believe that the existing condition can be adequately tailored to balance defendant's constitutional rights and legitimate concerns for the integrity of the judicial process.  Accordingly, we will modify mandatory supervision condition No. 28 to state as follows:  "You shall not be present at any criminal court proceeding or at any criminal courthouse building, including the lobby, hallway, courtroom, or parking lot that you know or reasonably should know involves either criminal street gang charges or a person associated with a criminal street gang (as defined in Penal Code section 186.22) as a member or witness, unless you are scheduled for a court hearing as a party, defendant, or subpoenaed as a witness to a criminal court proceeding, or you have the express permission of your probation officer, or have other lawful business with the court or county administration."

We are mindful that this revision differs from those in *Leon* and *E.O.*, but there have been a number of approved formulations of a scienter requirement.  (See, e.g., *People v. Garcia* (1993) 19 Cal.App.4th 97, 102; *Lopez, supra*, 66 Cal.App.4th 615, 622, 628, 634, 638; *In re Sheena K.*, *supra*, 40 Cal.4th at pp. 891-892; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816; *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436.)  We have incorporated the one employed in *People v. Turner*, *supra*, 155 Cal.App.4th 1432 because this phrasing has already been evaluated for vagueness by the California Supreme Court, albeit in the context of a criminal statute, not a probation or mandatory supervision condition.

## III

## DISPOSITION

The trial court is directed to prepare a new order modifying mandatory supervision condition No. 28 to state: "You shall not be present at any criminal court proceeding or at any criminal courthouse building, including the lobby, hallway, courtroom, or parking lot that you know or reasonably should know involves either criminal street gang charges or a person associated with a criminal street gang (as defined in Penal Code section 186.22) as a member or witness, unless you are scheduled for a court hearing as a party, defendant, or subpoenaed as a witness to a criminal court proceeding, or have the express permission of your probation officer, or have other lawful business with the court or county administration." As modified, the judgment is affirmed.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:


McKINSTER
J.


KING
J.