Filed 8/19/15  P. v. Bass CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ERIC H. BASS,<br><br>        Defendant and Appellant. | A143560<br><br>(Solano County<br> Super. Ct. Nos. FCR292458,<br> FCR299028) |

This is an appeal from orders in two criminal matters (case nos. FCR292458 and FCR299028) revoking the mandatory supervision of defendant Eric H. Bass based upon his admission of a violation of one of its terms and conditions – to wit, the requirement that he maintain contact with the probation department.  After defendant filed a timely notice of appeal, appellate counsel was appointed to represent him.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*), in which he raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*People v. Kelly*).)  Counsel attests that defendant was advised of his right to file a supplemental brief in a timely manner, but defendant has not exercised such right.

We have examined the entire record in accordance with *People v. Wende*.  For reasons set forth below, we agree with counsel that no arguable issue exists on appeal. Accordingly, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

**I.    Case Number FCR292458.**

On May 15, 2012, defendant entered a no-contest plea to one count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and admitted having served two prior prison terms for felony offenses (Pen. Code, § 667.5, subd. (b)).[1] Pursuant to this negotiated plea, the trial court thereafter sentenced defendant to a three-year, four-month split sentence, consisting of six months in county jail and two years, ten months of mandatory supervision.  (§ 1170, subd. (h).)

Twice thereafter, on September 18, 2012, and August 27, 2013, defendant admitted violations of the terms of this mandatory supervision.[2]  In addition, on April 22, 2014, he was found by the trial court to be in violation of a term of the mandatory supervision.  Based upon the September 18, 2012 admitted violation, the court revoked his mandatory supervision, but then reinstated it less than two months later.  Based upon the August 27, 2013 admitted violation, the court ordered him to serve an additional 240 days in custody before awarding him 240 days of custody credit and continuing mandatory supervision.  Finally, based upon the April 22, 2014 finding of a violation, the court ordered him to serve an additional 176 days in custody, awarded him 176 days of custody credit, and again reinstated mandatory supervision.

On August 12, 2014, defendant admitted another violation of mandatory supervision.  The trial court revoked his mandatory supervision, and ordered him to serve three years and four months in custody, to be served consecutively with his sentence in a separate case, number FCR299028, which is discussed below.  The court also awarded defendant 670 days of custody credit and 417 days of conduct credit.

On November 3, 2014, defendant filed a timely notice of appeal and his request for a certificate of probable cause was thereafter granted.

---

[1]    Unless otherwise stated, all statutory citations herein are to the Penal Code.

[2]    The August 27, 2013 violation consisted of the offense charged in case number FCR299028, discussed below.  (Pp. 2-3, *supra*.)

## II.    Case Number FCR299028.

On August 27, 2013, defendant entered a no-contest plea to one count of transportation of a controlled substance (Health & Saf. Code, § 11379), and admitted having served two prior prison terms for felony offenses (§ 667.5, subd. (b)).  On September 20, 2013, the trial court sentenced defendant to a four-year split sentence, consisting of 142 days in custody with credit for time served and mandatory supervision for the remainder of the term.  (§ 1170, subd. (h).)

On April 22, 2014, the trial court found defendant in violation of mandatory supervision and, on June 5, 2014, the trial court reinstated mandatory supervision.  Then, on August 12, 2014, defendant admitted another violation and the court revoked mandatory supervision and ordered him to serve four years in custody.  On August 18, 2014, the court awarded defendant 264 days of custody credit and 121 days of conduct credit.  On April 13, 2015, the court amended this award to 455 days of custody and 312 days of conduct credit.

On November 3, 2014, defendant filed a timely notice of appeal, and his request for certificate of probable cause was granted.

### DISCUSSION

Neither appointed counsel nor defendant has identified any issue for our review. Upon our own independent review of the record, we agree none exists.  (*People v. Wende, supra,* 25 Cal.3d 436.)  The trial court revoked defendant's mandatory supervision in case numbers FCR292458 and FCR299028 after he admitted violating the terms and conditions of this supervision by failing to maintain contact with the probation department.[3]  The court then ordered defendant to serve three years, four months in

---

[3]     "[A]lthough supervised release is to be monitored by county probation officers 'in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation' (§ 1170, subd. (h)(5)(B)(i)), 'this does not mean placing a defendant on mandatory supervision is the equivalent of granting probation or giving a conditional sentence. Indeed, section 1170, subdivision (h), comes into play only after probation has been denied.' [Citations] . . . .) 'Moreover, section 667.5 provides for a one-year enhancement for 'prior prison terms,' including a 'term imposed under the provisions of

3

custody in case number FCR292458, to be served concurrently with the four-year sentence ordered in case number FCR299028. The court also awarded defendant 670 days of custody credit and 417 days of conduct credit in case number FCR292458, and 455 days of custody credit and 312 days of conduct credit in case number FCR299028. Defendant, represented at all relevant times by counsel, freely and voluntarily admitted the underlying violation in open court after being advised by the trial court of its legal consequences. Defense counsel thereafter raised no objection to the sentencing or calculation of credit. The trial court's decision to revoke mandatory supervision based upon defendant's admitted violation of its terms and conditions was thus proper. (See § 1170, subd. (h)[4]; *People v. Martinez* (2014) 226 Cal.App.4th 759, 764 ["courts are given broad discretion in fashioning terms of supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety"]; see also *People v. Segura* (2008) 44 Cal.4th 921, 932 ["During the period of probation, the court

---

paragraph (5) of subdivision (h) of [s]ection 1170, wherein a portion of the term is suspended by the court to allow mandatory supervision.' (§667.5, subd. (b).) Thus, the Legislature has decided a county jail commitment followed by mandatory supervision imposed under section 1170, subdivision (h), is akin to a state prison commitment; it is not a grant of probation or a conditional sentence.' [Citation.] Therefore, . . . 'mandatory supervision is more similar to parole than probation.' [Citation.]" (*People v. Martinez* (2014) 226 Cal.App.4th 759, 762-763.)

[4] Section 1170, subd. (h)(5)(B), in particular, provides: "The portion of a defendant's sentenced term that is suspended pursuant to this paragraph shall be known as mandatory supervision, and, unless otherwise ordered by the court, shall commence upon release from physical custody or an alternative custody program, whichever is later. During the period of mandatory supervision, the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court. The period of supervision shall be mandatory, and may not be earlier terminated except by court order. Any proceeding to revoke or modify mandatory supervision under this subparagraph shall be conducted pursuant to either subdivisions (a) and (b) of Section 1203.2 or Section 1203.3. During the period when the defendant is under such supervision, unless in actual custody related to the sentence imposed by the court, the defendant shall be entitled to only actual time credit against the term of imprisonment imposed by the court. Any time period which is suspended because a person has absconded shall not be credited toward the period of supervision."

4

may revoke, modify, or change its order suspending imposition or execution of the sentence, as warranted by the defendant's conduct. (§§ 1203.2, 1203.3)"].)

Thus, having ensured defendant has received adequate and effective appellate review, we affirm the trial court's judgment. (*People v. Kelly, supra*, 40 Cal.4th at pp. 112-113; *People v. Wende, supra,* 25 Cal.3d 436.)

### DISPOSITION

The judgment is affirmed.

_____

Jenkins, J.

We concur:

_____

Pollak, Acting P. J.

_____

Siggins, J.

*People v. Eric H. Bass*, A143560

5