Filed 9/15/20  P. v. Rios CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C089642 |
| Plaintiff and Respondent, | (Super. Ct. No. 62155609) |
| v. | |
| ARMANDO DAVID RIOS, | |
| Defendant and Appellant. | |

Defendant Armando David Rios challenges an order revoking mandatory supervision.  He has already completed his custodial time, so any ruling we could make can have no practical effect and cannot provide him with effective relief.  We therefore dismiss his appeal as moot, pursuant to *Spencer v. Kemna* (1998) 523 U.S. 1, 12-14 (*Spencer*) and *People v. DeLeon* (2017) 3 Cal.5th 640, 645-646 (*DeLeon*).

## I.  BACKGROUND

In February 2016, defendant pled no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and admitted a prior conviction for the same

1

offense (Health & Saf. Code, § 11370.2, subd. (c)). The trial court sentenced him to 16 months, plus an additional three years for the prior offense enhancement. Defendant was ordered to serve a split sentence of one year eight months in county jail and the remaining two years eight months on mandatory supervision.

In December 2017, the Placer County Probation Department filed a petition to revoke mandatory supervision. In February 2018, defendant admitted violating the terms of his mandatory supervision, and the court ordered him to serve an additional 120 days in county jail.

In July 2018, the probation department filed a second petition to revoke mandatory supervision, alleging, in part, that defendant failed to report to the probation department as directed, and changed his residence without providing the department advance notice.[1]

On May 22, 2019, after an evidentiary hearing, the court found defendant violated the terms of his mandatory supervision. The court revoked mandatory supervision and ordered defendant to serve the remainder of his split sentence (363 days) in county jail. Defendant was awarded 68 days of custody credit.

## II. DISCUSSION

Defendant contends the admission of hearsay at the evidentiary hearing violated his right to due process. The People counter that his claims are moot because he has served his entire jail term, and reversing the court's order would have no practical effect.[2] They also contend that any error in admitting the hearsay statements was harmless.

---

[1] The probation department dismissed a third allegation.

[2] The People filed a motion requesting that we take notice of a Placer County jail record reflecting his release from custody. We deferred ruling pending calendaring and assignment of the panel. Defendant does not oppose the People's request for judicial notice and does not dispute that he has completed his custody term. We now grant the People's request.

2

We agree with the People that *Spencer, supra*, 523 U.S. 1, and *DeLeon, supra*, 3 Cal.5th 640[3] compel us to find this matter moot because defendant has already served the custodial term imposed by the trial court and has been released from custody. His term of mandatory supervision has also ended. Even if error occurred, we could not provide effective relief to defendant.

"[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.) " '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*People v. Herrera* (2006) 136 Cal.App.4th 1191, 1198.)

Both the United States Supreme Court and the California Supreme Court have held that an appeal from a parole revocation order was moot after the defendant had completed the entire term of imprisonment underlying the revocation. (*Spencer*, *supra*, 523 U.S. at pp. 3, 12-16; *DeLeon, supra*, 3 Cal.5th at pp. 644-646.) In *Spencer*, the United States Supreme Court rejected the argument that the petitioner faced "collateral consequences" from the potential use of the parole revocation order in a future parole or sentencing proceeding. (*Spencer, supra*, at pp. 14-15.)

---

[3] *Spencer* and *DeLeon* both involve parole supervision. (*Spencer, supra*, 523 U.S. at p. 3; *DeLeon, supra*, 3 Cal.5th at p. 644.) We rely on parole-revocation cases in analyzing mandatory supervision issues because a split sentence under Penal Code section 1170, subdivision (h) that imposes a commitment to county jail followed by mandatory supervision is " 'akin to a state prison commitment.' " (*People v. Martinez* (2014) 226 Cal.App.4th 759, 763, quoting *People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422; see *People v. Buell* (2017) 16 Cal.App.5th 682, 688 (*Buell*) [relying on parole revocation cases].)

Relying on *Spencer*, our Supreme Court in *DeLeon* held that an appeal from a parole revocation order was moot where the defendant had completed the custody term imposed for the parole violation and had been discharged from parole. (*DeLeon, supra*, 3 Cal.5th at pp. 645-646.) As a result, "a reviewing court's resolution of the issues could offer no relief regarding the time he spent in custody or the parole term that has already terminated." (*Id*. at p. 645.) In reaching this conclusion, the court rejected the defendant's claim that his appeal was not moot because he faced disadvantageous collateral consequences from his violation of parole. (*Id*. at pp. 645-646.) Rather, adopting the analysis in *Spencer*, the *DeLeon* court explained that "[t]he trial court's finding that DeLeon violated his parole does not involve the same collateral consequences that attach to a criminal conviction. Future consequences will not arise unless there is additional criminal conduct. Even then, his parole violation is just one of many factors a court may consider in deciding whether to grant probation, or what sentence to impose. Under these circumstances, DeLeon's parole violation does not constitute a disadvantageous collateral consequence for purposes of assessing mootness."[4] (*Id*. at p. 646.) The court nonetheless did not foreclose "the possibility that, under other circumstances, a defendant could demonstrate sufficiently concrete consequences to avoid a finding of mootness, even if the term of imprisonment has already concluded." (*Id*. at p. 646, fn. 2.)

Defendant "submits that his appeal is not moot because the revocation finding is part of his permanent record, the finding immediately harmed his reputation, and this

---

[4] The court nonetheless exercised its discretion to reach the issue presented in the appeal on the basis that it was " 'likely to recur, might otherwise evade appellate review, and is of continuing public interest.' " (*DeLeon, supra*, 3 Cal.5th at p. 646.) Defendant does not argue we should decide the issue presented in his opening brief notwithstanding its mootness. Regardless, we would decline to do so. Defendant's appeal concerns the application of settled law to the particular facts of his case.

appeal is a vehicle to remove the stigma of criminality inherent in the revocation finding." This is not a sufficiently concrete consequence to avoid the application of *DeLeon*. Tellingly, defendant cites in support of his argument Justice Stevens's dissenting opinion in *Spencer*. The majority, however, stated that " 'the moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review.' " (*Spencer, supra*, 523 U.S. at pp. 8-9.) Again, in *DeLeon*, our Supreme Court adopted the *Spencer* analysis. (*DeLeon*, *supra*, 3 Cal.5th at p. 646.) Defendant also relies on *Buell, supra*, 16 Cal.App.5th 682, in which an appellate court accepted a defendant's argument that his probation revocation had not been mooted by the fact he had served his sentence and had been released from custody because the probation violation was part of his permanent record and a successful appeal would remove the " ' "stigma of criminality." ' " (*Id*. at p. 688.) The *Buell* court did not discuss *DeLeon* or *Spencer*, and we are bound to follow our Supreme Court in *DeLeon* rather than the Court of Appeal in *Buell*.

## III. DISPOSITION

The appeal is dismissed as moot.

/S/

_____

RENNER, J.

We concur:

/S/

_____

RAYE, P. J.

/S/

_____

HOCH, J.