Filed 5/19/21  P. v. Rizzardi CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074274 |
| v. | (Super.Ct.Nos. FWV1901111 & FVI19001117) |
| JOSEPH DAVID RIZZARDI, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Knish, Judge.  Affirmed in part as modified, reversed in part, and remanded with directions.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Joseph David Rizzardi appeals after the transfer of his case from San Luis Obispo County to San Bernardino County. Upon the transfer, the San Bernardino County Probation Department recommended additional probation terms, including that he comply with Global Positioning System (GPS) monitoring due to his failure to keep law enforcement informed of his legal place of residence. The court imposed this term over defendant's objection.

On appeal, defendant argues the San Bernardino County Superior Court had no jurisdiction to modify the terms of his probation because no change in circumstance existed to justify the modification. He also contends the court erred in requiring him to pay the costs associated with certain probation conditions as part of his probation. In supplemental briefing, he contends that Assembly Bill No. 1950 (Stats. 2020, ch. 328, § 2), which amended section 1203.1 to limit the probation term for most felony offenses to two years, applies retroactively to this case. The People concede that the court erred in ordering defendant to pay fees and costs as part of his probation. The People also concede that Assembly Bill No. 1950 applies retroactively. We agree that the court erred in requiring defendant to pay the costs associated with certain conditions and modify those conditions accordingly. We further agree that Assembly Bill No. 1950 applies and remand the matter for resentencing. In all other respects, we affirm the judgment.

## PROCEDURAL BACKGROUND

On April 23, 2018, defendant pled no contest to possession and transmission of child pornography in case No. 15F-00938 (the first case) in San Luis Obispo County. (Pen. Code,[1] § 311.11, subd. (a).) On May 21, 2018, a trial court suspended imposition of sentence for three years and granted defendant formal probation under specified conditions, including that he serve 180 days in county jail and register as a sex offender within five working days of release from custody.

On August 14, 2018, defendant filed a motion to transfer his probation to San Bernardino County, since he worked there and intended to reside there.

On September 12, 2018, defendant pled no contest to failing to register as a sex offender (§ 290, subd. (b)) and failing to provide or providing false sex offender registration information (§ 290.018, subd. (j)) in case No. 18F-07250 (the second case). This case was also in San Luis Obispo County. The court suspended imposition of sentence for three years and granted defendant formal probation, under specified terms, including that he serve 197 days in county jail.

On November 16, 2018, defendant filed a motion to "modify and unify" the orders of probation in the first and second cases. He also stated that when he was released from custody, his probation officer gave him permission to leave San Luis Obispo County to travel for work on a job in Yuba City. She placed an ankle monitor

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

on him, and it malfunctioned. Defendant requested the modifications to include "striking the ankle monitor."

On March 11, 2019, the San Luis Obispo County Superior Court granted defendant's motion to transfer his probation in both cases to San Bernardino County. On April 4, 2019, the San Bernardino County Superior Court (the San Bernardino court) accepted the transfer and jurisdiction over defendant and set the matter for a probation modification hearing on May 23, 2019.[2] The San Bernardino County Probation Department (the San Bernardino probation department) recommended terms and conditions similar to those ordered in San Luis Obispo County, with two additional terms: that defendant not have pictures of unclothed children and that he comply with GPS monitoring "due to his failure to keep law enforcement informed of his legal place of residence in [the second case]."

The San Bernardino court held a hearing on September 3, 2019. Defendant requested a specific public defender be assigned to represent him. He also submitted a report from Dr. Rick Oliver.[3] The court noted that it had not imposed probation terms formally in San Bernardino yet, so they were in "limbo." It asked defendant if he was reporting to the San Bernardino probation department, and he said he was reporting twice a month and was still complying with the conditions from San Luis Obispo. He said his San Bernardino probation officer had no problems with the conditions, except

---

[2] The first case was reassigned the case No. FWV19001111, and the second case was reassigned the case No. FWV19001117.

[3] The record on appeal does not appear to contain a copy of this report.

4

for one. Defendant explained that he sometimes had to go out of state for work. He said his San Luis Obispo conditions did not clearly state if he was allowed to leave the state for work, but the judge there left it up to the San Luis Obispo Probation Department. Defendant said they never had a problem with it, but his San Bernardino probation officer said he could not leave the state. Defendant also told the court he was objecting to the GPS requirement. The court continued the matter at his request.

The San Bernardino court held a hearing on October 30, 2019. Defense counsel objected to the court imposing the GPS term, arguing that it was outside the scope of the plea bargain in San Luis Obispo and was never contemplated as part of a plea. He contended that it would be an undue burden for the court to impose it now and that the term was overbroad since defendant needed to travel out of state for work. The court referred to a presentence report from a probation officer stating that defendant had a history of failing to abide by the court's wishes and noting that he absconded to Mexico during the pretrial process. The report also noted that defendant provided an incorrect address of record, and he misrepresented his residence to the San Bernardino County Sheriff's office by registering as a transient, but later admitted to residing with his mother. The court added, "I suppose the Judge that sentenced him and didn't give him the G.P.S. had that information."

The court further noted the report from Dr. Oliver was done after defendant was placed on probation in San Luis Obispo. That report indicated that defendant had a history of criminal activities, was not careful in following social and legal guidelines,

was not afraid to "color outside the lines" of convention and the law, and had a high level of narcissism, which made him believe rules did not apply to him. Based on all the reasons outlined, the court believed the GPS term was reasonable. The prosecutor confirmed that she was requesting the GPS term, especially since defendant traveled out of state for work.

## DISCUSSION

### I. The Court Properly Imposed the GPS Monitoring Term

Defendant argues the San Bernardino court acted in excess of its jurisdiction by imposing the additional term requiring him to submit to GPS monitoring (the GPS term) because the modification was not based on a change in circumstances. He claims that the court modified his probation "based upon old facts known to the previous court imposing the original probation terms." Thus, he asserts the term must be stricken. The People respond that the court had jurisdiction to modify defendant's terms because a change in circumstance, namely his move from San Luis Obispo County to San Bernardino County, justified the modification. We conclude that the court properly added the GPS term.

A trial court generally has discretion in setting the appropriate terms and conditions of probation, parole, or supervised release: "In general, the courts are given broad discretion in fashioning terms of supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety. [Citations.] Thus, the imposition of a particular condition of probation is subject to

6

review for abuse of that discretion.  'As with any exercise of discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances.  [Citation.]' " (*People v. Martinez* (2014) 226 Cal.App.4th 759, 764.)

Section 1203.9, subdivision (a)(1), governs the transfer of probation cases from one county to another and provides in pertinent part:  "[W]henever a person is released on probation or mandatory supervision, the court, upon noticed motion, shall transfer the case to the superior court in any other county in which the person resides permanently with the stated intention to remain for the duration of probation or mandatory supervision, unless the transferring court determines that the transfer would be inappropriate and states its reasons on the record."  Pursuant to section 1203.9, subdivision (b), "[t]he court of the receiving county shall accept the entire jurisdiction over the case effective the date that the transferring court orders the transfer."  The procedure for transferring a case to another county is also outlined in California Rules of Court, rule 4.530.  Neither section 1203.9 nor the California Rules of Court, rule 4.530 specifically address whether probation conditions can be modified upon transfer to another county.

Section 1203.3, subdivision (a), provides:  "The court has the authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence."  A defendant is subject to notice, a hearing, and reasons for the modification to be placed on the record before the modification.

7

(§ 1203.3, subd. (b).)  A court can modify a term of probation at any time before the expiration of that term and need not wait until a probation violation occurs.  (*People v. Cookson* (1991) 54 Cal.3d 1091, 1098.)  "A change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation."  (*Id*. at p. 1095.) " 'An order modifying the terms of probation *based upon the same facts* as the original order granting probation is in excess of the jurisdiction of the court, for the reason that there is no factual basis to support it.' "  (*Ibid*.)

Here, the modification was not based upon the same facts as the original order granting probation, but upon new facts brought to the attention of the San Bernardino court.  The San Bernardino probation department recommended the addition of the GPS term based on defendant's failure to keep law enforcement informed of his legal place of residence in the second case.  Moreover, the court received the report from Dr. Oliver on September 3, 2019, and the report was done *after* defendant was placed on probation in San Luis Obispo.  Dr. Oliver opined that defendant was not careful in following social and legal guidelines, was not afraid to "color outside the lines" of convention and the law, and had a high level of narcissism, which made him believe rules did not apply to him.  Certainly, the San Bernardino court could modify defendant's probation conditions based on information received after he had been placed on probation that he failed to keep probation aware of his legal place of residence in the second case, as well as on the information provided by Dr. Oliver and the fact that defendant was working out of state after he was released from custody on

8

probation. The court properly ordered conditions it found reasonably related to ensure defendant's compliance and rehabilitation. (See *People v. Olguin* (2008) 45 Cal.4th 375, 379; § 1203.1, subd. (j).)

Based on the foregoing, the San Bernardino County court was justified in modifying the terms of defendant's probation by adding the GPS term.

II. The Probation Conditions That Required Defendant to Pay Costs Associated With Them Should Be Modified

Defendant argues that the trial court erred in requiring him to pay the fees and costs of certain terms as part of his probation. He asserts that these fees and costs are only enforceable by an order of civil collection. Thus, he requests that we strike the fees and costs associated with these terms as a condition of probation. The People agree that these conditions should be modified "to make it clear that [defendant's] payment of the costs . . . is not part of the conditions themselves." We agree with the People.

Defendant challenges three probation conditions, which require him to pay associated fees and costs. Condition No. 77 states that he must "[p]articipate in and complete Sex Offender Treatment Program with a therapist approved by the Probation Officer . . . and be responsible for all program fees." Condition No. 109 provides that he submit to continuous GPS monitoring and "pay all associated equipment and/or monitoring fees." Condition No. 110 requires him to "[s]ubmit to random polygraph testing by a Probation department approved polygraph examiner at the direction of the

9

probation officer, as part of the sex offender surveillance program and be responsible for all costs associated with examinations."

It is undisputed the trial court erred by conditioning defendant's probation on the payment of these specified fees and costs. (*Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321 ["[A] trial court may order a defendant to pay for reasonable costs of probation; however, such costs are collateral and their payment cannot be made a condition of probation."].) "[T]he appropriate remedy is not to strike the fees and costs altogether, but, as appellant admits, to simply order their payment as part of the judgment in the case." (*People v. Benner* (2010) 185 Cal.App.4th 791, 797.) Therefore, we will modify the three conditions at issue to clarify that payment of the associated fees and costs is not a condition of probation, but rather an order of the court entered at judgment. (See *People v. Flores* (2008) 169 Cal.App.4th 568, 579 ["The trial court's probation order is modified to eliminate any requirement that Flores pay the costs of probation or attorney fees *as a condition of* probation; however, the trial court's order that defendant pay such costs and fees is affirmed."]; see also *People v. Acosta* (2014) 226 Cal.App.4th 108, 126 [court modified the trial court's probation order to eliminate requirement that defendant pay costs of probation as a condition of probation, but affirmed imposition of the costs and directed trial court to enter a separate order directing defendants to pay them].)

10

III.  Assembly Bill No. 1950 Applies to Defendant's Probation

Defendant argues his probation term should be reduced because section 1203.1, subdivision (a), under which he was sentenced to three years' formal probation, has been amended by Assembly Bill No. 1950, effective January 1, 2021.  He contends that because his case is not yet final, under the principles of retroactivity applicable to ameliorative changes to the criminal law as set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), he is entitled under Assembly Bill No. 1950 to have his probation term reduced from three years to two years.  The People concede that Assembly Bill No. 1950 applies retroactively here, and we agree.

When defendant was sentenced, section 1203.1 provided that a trial court may grant felony probation "for a period of time not exceeding the maximum possible term of the sentence."  If the "maximum possible term of the sentence is five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years."  (Former § 1203.1, subd. (a).)  The trial court here granted probation for three years.

Effective January 1, 2021, Assembly Bill No. 1950 amended section 1203.1, subdivision (a), to limit the probation term for felony offenses to two years, except in cases of certain violent felonies.  (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a), (m).)

Based on the recent opinion in *People v. Sims* (2021) 59 Cal.App.5th 943 (*Sims*), we conclude the parties are correct regarding the retroactivity of Assembly Bill No. 1950.  As the court stated in that case, "the two-year limitation on felony

11

probation set forth in Assembly Bill No. 1950 is an ameliorative change to the criminal law that is subject to the *Estrada* presumption of retroactivity," and "[t]herefore . . . the two-year limitation applies retroactively to all cases not reduced to final judgment as of the new law's effective date." (*Id.* at p. 964; see also *People v. Quinn* (2021) 59 Cal.App.5th 874.)

Following the reasoning in *Sims* and *Quinn*, we conclude that defendant is entitled to the benefit of the change to section 1203.1, subdivision (a). However, there remains the question of remedy. Defendant contends that this court should simply order his probation term to be modified to two years, and that there is no need to remand to the trial court for resentencing. The People, however, argue that merely striking the portion of the probationary term that exceeds two years deprives the trial court and the parties of "a necessary determination of the status of the probation." In other words, the People contend the trial court should be allowed to clarify defendant's expungement status, adjust the probation terms so they can be complied with before termination of probation, and determine whether his probation can be terminated successfully. Thus, the People request that we follow the *Sims* court and remand the matter for resentencing. (See *Sims*, *supra*, 59 Cal.App.5th at p. 964 [court remanded matter for defendant to seek a reduced probation term under Assembly Bill No. 1950].)

The People also contend that in negotiated plea cases where ameliorative amendments apply, whereby the agreed-upon term becomes unenforceable, the matter

should be remanded to allow them to withdraw from the plea or the trial court to rescind its approval of the agreement and return the parties to the status quo.  (See *People v. Stamps* (2020) 9 Cal.5th 685, 706-708.)  Thus, the People assert that since defendant here pled no contest in both of his cases, this court should reduce his three-year probation period and remand the matter to allow them the opportunity to withdraw from the plea or the trial court to rescind its approval and restore the parties to the status quo.

The record on appeal reflects that defendant was convicted in both cases by a no contest plea, as stated in the original orders of probation in the County of San Luis Obispo.  However, the appellate record does not contain copies of the original charges or the plea agreements; thus, it is not clear exactly what negotiations took place below.  As such, we will follow the remedy employed by the court in *Sims,* as requested by the People, and remand the matter for resentencing to allow defendant to seek a reduced probation term under Assembly Bill No. 1950 and allow the court to review the status of his probation.  (*Sims*, *supra*, 59 Cal.App.5th at p. 964 ["defendant is entitled to seek a reduced probation term on remand under Assembly Bill No. 1950."].)  However, we express no opinion on whether the People should be allowed to withdraw from the plea, or the trial court be allowed to rescind its approval of the agreement.

## DISPOSITION

We modify probation conditions Nos. 77, 109, and 110 to eliminate the reference to payment of the fees and costs within each of these probation terms.

However, we direct the trial court to order that defendant pay each of the respective fees and costs related to these terms as a separate order of the court and not a condition of probation.  We also remand the matter for resentencing to allow defendant to seek a reduced probation term under Assembly Bill No. 1950.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

MILLER
Acting P. J.

SLOUGH
J.

14