Filed 5/29/25  P. v. Rivers CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082142 |
| v. | (Super.Ct.No. FWV22004438) |
| BENJAMIN STYLES III RIVERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph B. Widman, Judge.  Affirmed as modified.

Belinda Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Arlene A. Sevidal, Andrew Mestman and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

1

After Benjamin Styles III Rivers was convicted of motor vehicle theft and possession of stolen property, the trial court sentenced him to probation. On appeal, Rivers argues that the trial court abused its discretion in imposing a condition of his probation requiring him to submit his electronic devices for search, and that the condition was unconstitutionally overbroad. We agree it was an abuse of discretion, modify the sentencing order to strike the condition, and otherwise affirm.

BACKGROUND

In December 2022 police officers noticed a Ford F-250, which they believed to be a commercial truck, with a damaged door lock. The officers also noticed the license plate had three letters—as a passenger vehicle would have—rather than one letter, as a commercial vehicle would. The officers ran the plate and learned it was for a different vehicle. Based on this, they obtained a search warrant for the truck and placed a GPS tracker on it.

When the truck moved two days later, an officer located it and pulled it over. Rivers was driving, and another man was in the passenger seat. Rivers told the officer he purchased the vehicle a week or two before. However, he could not produce the truck's registration or any documentation of the sale. The officer checked the vehicle identification number and confirmed the truck had been reported stolen. The officer then arrested both Rivers and his passenger.

The officer contacted the owner of the truck and returned it to him. The owner later testified that when the vehicle was stolen his son had the keys. He also said there

2

was no damage to the driver's side door lock before the truck was stolen, but there was damage after he recovered it. In fact, the owner could no longer open the driver's side door with his key.

After arresting Rivers and his passenger, police searched the passenger's phone and found photos of what officers believed was the stolen truck.

After trial, a jury convicted Rivers of motor vehicle theft (Veh. Code, § 10851, subd. (a)) and buying or receiving a stolen vehicle (Pen. Code, § 496d).[1]

At sentencing, the court asked for the parties' views about whether Rivers was a sophisticated criminal, given allegations that he and his co-arrestee were working together to steal vehicles. The prosecutor argued there was evidence Rivers was involved in a larger operation because police believed there was another stolen vehicle—a trailer— near the co-arrestee's home, and the co-arrestee's phone had pictures of that trailer. However, we find no record evidence of these pictures, which were not mentioned on the record before sentencing. Moreover, at trial an officer testified he "wasn't able to confirm if the trailer was actually stolen."

After hearing argument, the court concluded it was "plain . . . this was not a joyriding situation," and that Rivers and his co-arrestee were working together in some capacity. The court speculated that "the photographs of these other stolen cars [sic] were on the co-arrestee's phone and not the defendant's, which would suggest that the defendant was more likely working for the co-arrestee than the other way around," but

---

[1] Unlabeled statutory citations refer to the Penal Code.

ultimately concluded it did not matter. The court withheld pronouncement of sentence and placed Rivers on two years of formal probation.

The conditions of probation included a term requiring that Rivers "[s]ubmit to search and seizure (electronic device) by a government entity of any electronic device that you are an authorized possessor of . . . ." Rivers's counsel objected to this condition, but the court imposed it anyway, stating it "enables probation to thoroughly supervise the defendant. And . . . in this case, although it was not his phone that contained photographs of other stolen cars [sic], his apparent co-conspirator or co-arrestee had it on his phone."

DISCUSSION

Rivers argues the probation condition requiring him to submit to warrantless search of his electronic devices should be stricken because it does not meet the standard for a valid probation condition under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) as clarified by our Supreme Court in *In re Ricardo P.* (2019) 7 Cal.5th 1113.[2]

"[T]he imposition of a particular condition of probation is subject to review for abuse of that discretion. 'As with any exercise of discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances. [Citation.]' " (*People v. Martinez* (2014) 226 Cal.App.4th 759, 764.) "Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids

_____

[2] Rivers also argues the condition is unconstitutionally overbroad. Because we strike the condition on another ground, we do not address his constitutional arguments.

4

conduct which is not reasonably related to future criminality . . . ." [Citation.]'

[Citation.] This test is conjunctive—all three prongs must be satisfied before a reviewing

court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379,

quoting *People v. Lent*, *supra*, 15 Cal.3d 481, 486, fn. 1.)

The parties dispute whether the search condition at issue meets the first and third

prongs of the *Lent* test.[3] We agree with Rivers that it is unrelated to his crimes and was

not reasonably related to future criminality.

As to the first prong of the *Lent* test, there is no relationship between the

electronics search condition and Rivers's crimes. Rivers was convicted of stealing a

truck. No evidence shows that he used any electronic devices to steal the truck or to

maintain possession of it thereafter.

The only evidence that any electronic device could have been connected, even

tenuously, to the crimes was that Rivers's co-arrestee's phone had pictures of the stolen

truck. This is insufficient evidence of a connection to the crime. The People have not

explained how these pictures related to the theft. Even accepting that Rivers and his co-

arrestee cooperated in stealing the truck—something the trial court assumed as well—the

mere presence of pictures on the latter's phone does not mean the pictures were related to

the theft. There is no evidence Rivers and his co-arrestee communicated over their cell

phones to coordinate the theft, spoke about the theft on their phones, or that Rivers even

---

[3] Neither party argues that the condition fails to meet the second prong, that the condition relates to non-criminal conduct. We agree the possession and use of an electronic device is not in itself criminal conduct.

saw the photos of the truck on his co-arrestee's phone. Taking a picture of a stolen car does not necessarily implicate the photographer in the theft. Moreover, these pictures were on the co-arrestee's phone, not Rivers's. Even if the existence of these photos indicated some use of the phone by co-arrestee related to the crime, there remains no evidence that *Rivers* used any electronic device in connection with his crime. Accordingly, we conclude the electronics search condition satisfies the first prong of the *Lent* test because it is unrelated to Rivers's convictions.

In support of a different position, the People point to *People v. Patton* (2019) 41 Cal.App.5th 934 (*Patton*). In that case our colleagues in Division One of this district considered a similar search condition imposed on someone convicted for stealing "four cell phones, two Apple Watches, an iPad, and a virtual reality headset." (*Id.* at p. 943.) The defendant argued "there must be indication he *used* an electronic device to commit, plan, or discuss criminal activity." (*Ibid.*) The court disagreed, saying "Patton did not steal jewelry or other personal property; he stole *electronic devices*. The first prong of *Lent* asks whether the probation condition has *no* relationship to the conviction. [Citation.] This broad language does not require a specific connection to the *instrumentalities* of the convicted offense." (*Id.* at p. 945.) Thus "[g]iven the nature of Patton's offense, there is a relationship between theft of electronic devices and the imposition of an electronic device search condition." (*Id.* at p. 945.)

Thus, in *Patton*, electronic devices were not used in committing the crime, but they were the *subjects* of the crime; the defendant was convicted for stealing electronics.

6

A search condition was therefore justified to verify that any electronic devices he later possessed were acquired legitimately. Our case is different. Rivers did not use electronic devices to commit the theft, nor did he steal electronic devices. At most, an electronic device was used to document the existence of the stolen vehicle. Simply put, and in contrast to *Patton*, electronics were not related to Rivers's criminal conduct in any way, as there is no connection between Rivers himself, any electronic device, and his crimes.

Nor do we agree with the People that the condition fails the third prong of the *Lent* test; in our view, the condition is not reasonably related to future criminality. Our Supreme Court's decision in *In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1113 is instructive. There, minor Ricardo P. admitted committing two felony burglaries. The juvenile court imposed a probation condition which required him to " '[s]ubmit . . . electronics including passwords under [his] control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night.' " (*Ricardo P.*, at p. 1116-1117.) The juvenile court justified imposing this condition because Ricardo P. claimed his drug use had contributed to his delinquent behavior, and the juvenile court believed "minors typically will brag about their marijuana usage or drug usage, particularly their marijuana usage, by posting on the Internet, showing pictures of themselves with paraphernalia, or smoking marijuana," so an electronics search condition was " 'a very important part of being able to monitor drug usage and particularly marijuana usage.' " (*Id.* at p. 1117.)

7

Our Supreme Court concluded Ricardo P.'s electronic search condition "satisfies *Lent's* third prong and is therefore invalid under the *Lent* test because, on the record before us, the burden it imposes on Ricardo's privacy is substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society." (*In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1119.) As the court noted, "[i]n virtually every case, one could hypothesize that monitoring a probationer's electronic devices and social media might deter or prevent future criminal conduct." (*Id.* at p. 1123.) However, because one could always come up with a reason why such a condition would deter future criminality, *Ricardo P.* held that *Lent*'s third prong necessarily "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Id.* at p. 1122.) Such proportionality is lacking where a broad electronics search condition is imposed for attenuated or speculative connections to criminality.

As in *Ricardo P.* "the record here . . . contains no indication that [defendant] had used or will use electronic devices in connection with [his offenses] or any illegal activity," and is therefore "insufficient to justify the substantial burdens imposed by this electronics search condition." (*In re Ricardo P.*, *supra*, 7 Cal. 5th at 1116.) The only connection between electronics and Rivers's crimes is that his co-arrestee had pictures of the stolen property, which provides no reason to believe that warrantless search of Rivers's electronic devices is likely to prevent future criminality. Accordingly "[t]he probation condition is not reasonably related to future criminality and is therefore invalid

8

under *Lent*," and must be stricken. (*Ibid.*) Of course, the trial court retains authority to modify probation under section 1203.3, if future events should demonstrate otherwise.

## DISPOSITION

The probation condition requiring Rivers to submit to search and seizure of his electronic devices is ordered stricken. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:


CODRINGTON
Acting P. J.


MENETREZ
J.