Filed 12/16/20  P. v. Rebollar CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D076572 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD282375) |
| FRANCISCO A. REBOLLAR, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed in part, vacated in part, and remanded with direction.

Aurora E. Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Andrew Mestman and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

Francisco A. Rebollar pleaded guilty to one count of entering jail grounds without permission of a prison officer while being a convicted felon previously confined to prison (Pen. Code[1], § 4571). The trial court suspended imposition of a sentence and granted him three years of formal probation.

In this appeal, Rebollar challenges several categories of probation conditions: (1) a Fourth Amendment waiver condition, including electronic devices and passwords, (2) alcohol and drug conditions along with assessment and treatment conditions, if directed by the probation officer, and (3) conditions requiring him to stay away from a courthouse or school. He also contends the court's written order does not reflect the court's oral pronouncement of judgment related to the terms of probation as well as fines, fees, and assessments.

In supplemental briefing, the parties initially agreed that recently enacted Assembly Bill No. 1950 (Stats. 2020, ch. 328, § 2), which amends section 1203.1 to limit the probation term for felony offenses to two years (subject to certain exceptions not applicable here), will apply to this case because it will not become final before the amendment becomes effective on January 1, 2021. Rebollar asked us to reduce his probationary term to two years. The People contended the matter should be remanded for full resentencing. After this matter was submitted, the People sought leave to file a new supplemental brief stating it had "reevaluated its position as to the retroactivity of the amendment." The People now contend the amendment should not apply retroactively under *In re Estrada* (1965) 63 Cal.2d 740

---

[1]     Further statutory references are to the Penal Code unless otherwise stated.

stating probation is not considered the type of punishment contemplated by *Estrada* and "the reduction of the maximum probationary term that a court can impose is not an ameliorative benefit." We denied the People's late application to file a new supplemental brief on this issue.

We conclude the matter should be remanded for resentencing to allow the trial court to exercise its sentencing discretion anew considering the amendment to section 1203.1. The People may ask the trial court to consider the applicability of the amended statute in connection with resentencing. In the interests of judicial economy and to provide guidance to the trial court, we consider Rebollar's challenges to the current order of probation. We vacate the current order and remand the matter for resentencing consistent with this opinion. In all other respects, we affirm the judgment.

## II

## BACKGROUND

Rebollar, a documented gang member, entered a local jail on June 29, 2019 to visit his brother who was in custody on gang-related charges. An officer recognized Rebollar from a booking photo. Since he was a person who had been convicted of a felony and previously served time in prison, officers detained him for entering the jail without consent of the Watch Commanders. Rebollar had visited his brother twice before without permission. He denied knowing it was an offense to do so even though surveillance camera footage showed Rebollar standing at the entrance of the jail in front of a large sign quoting section 4571, which provides it is a felony for a person convicted of a felony and confined in any state prison to come upon the grounds of a jail or correctional institution without the consent of the warden or officer in charge. He pleaded guilty to one count of violating section 4571.

At sentencing, the court granted probation for a term of three years and imposed various conditions over some objections of defense counsel. Rebollar agreed to probation under the conditions imposed.

## III

## DISCUSSION

### A

### *Probation Term*

When Rebollar was sentenced, section 1203.1 provided that a trial court may grant felony probation "for a period of time not exceeding the maximum possible term of the sentence[.]" It further provided that if the "maximum possible term of the sentence is five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years." (§ 1203.1, subd. (a).)

Effective January 1, 2021, Assembly Bill No. 1950 will amend section 1203.1, subdivision (a) to limit the probation term for felony offenses to two years, except in circumstances not present here. (Assem. Bill No. 1950 (Stats. 2020, ch. 328, § 2); Cal. Const., art. IV, § 8; Gov. Code, § 9600, subd. (a); *People v. Camba* (1996) 50 Cal.App.4th 857, 865.)

In supplemental briefing, Rebollar contends the revised statute will apply to this matter because the judgment will not be final when the amendment takes effect. He asks us to reduce his probationary term from three years to two years. The People initially conceded the amended statute will apply retroactively to Rebollar's case because the case will not be final when the amended statute takes effect and his crimes are not among those subject to an exception from the two-year limitation. The People, however, requested the matter be remanded for full resentencing. After this matter was submitted, the People filed an application asking us to vacate submission

4

and allow it to file a new brief on the issue taking the position that the amendment will not apply retroactively to this case because probation is not a form of punishment.  We denied the application without prejudice to allow the trial court to consider the issue in connection with resentencing.

We remand the matter to allow the trial court to exercise its sentencing discretion in light of the amendment.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *People v. Keene* (2019) 43 Cal.App.5th 861, 865; see also *People v. Stamps* (2020) 9 Cal.5th 685, 709.)

B

*Probation Conditions*

Although we are remanding the matter for resentencing, we address Rebollar's challenges to certain probation conditions to provide the trial court with guidance in the interests of judicial economy.

"On appeal, we ' " review conditions of probation for abuse of discretion." ' [Citation.]  Specifically, we review a probation condition 'for an indication that the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).)  We independently review constitutional challenges to probation conditions.  (*In re I.V.* (2017) 11 Cal.App.5th 249, 261 (*I.V.*).)

1

*Fourth Amendment Waiver and Electronic Device Condition*

Rebollar challenges condition 6.n. requiring him to submit his "person, vehicle, residence, property, personal effects, computers, and recordable media *including electronic devices* to search at any time with or without a warrant, and with or without reasonable cause when required by [probation officer] or law enforcement officer."  (Italics added.)  He contends the

5

condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*) and is unconstitutionally overbroad and vague.

*a*

At the sentencing hearing, defense counsel objected to the proposed Fourth Amendment waiver—and the court's extension of that waiver to electronic devices and passwords—as unreasonable under *Lent* and *In re J.B.* (2015) 242 Cal.App.4th 749, 754 because there was no nexus between the condition and Rebollar's crime in this case. No electronic devices or other contraband were found or used in connection with Rebollar's crime of visiting a jail without permission.

Acknowledging the need for a probation condition to have a nexus with the case or the probationer, the court stated, "Rebollar's history and his gang ties and the concerns the [c]ourt has in that regard necessitate that probation have the ability to monitor all of his electronic devices and passcodes." The court continued by saying, "In this case, he was going, although to see a family member, a felon in a prison setting. Given his contact with law enforcement and the jail and prison system, it's hard to believe he didn't know that he couldn't do that; so I'm not sure what communication took place to effectuate the contact between the two, but most importantly, his conditions are that he remain law-abiding, not have contact with any gang member or people that he knows to be gang members, given the last conviction from 2013 where the gang nexus was of great concern. The court is adding [the electronic device] condition to help probation monitor and supervise him and help him be successful on probation." The court found the condition was appropriate based on his entire criminal history, not just the crime in this case.

6

*b*

A condition of probation or supervision will not be held invalid as unreasonable " 'unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118, quoting *Lent*, *supra*, 15 Cal.3d at p. 486.) All three prongs of the *Lent* test must be satisfied before a reviewing court will invalidate a probation term. (*Ricardo P.*, at p. 1118; *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1194.) Because the first two prongs are satisfied, Rebollar focuses on the third prong of the *Lent* test, whether the search condition is "reasonably related to future criminality."

In *Ricardo P.*, *supra*, 7 Cal.5th 1113, a minor was placed on probation after admitting two counts of felony burglary and the juvenile court required the minor submit to warrantless searches of his electronic devices as a condition of probation. (*Id.* at p. 1115.) The majority concluded the electronic search condition was invalid under the third prong of the *Lent* test because the burden imposed on the juvenile probationer's privacy was substantially disproportionate to the interests of rehabilitation and protecting society when there was no evidence an electronic device was involved in the crime. (*Id.* at pp. 1119–1120.) There was no suggestion in the record that the minor "ever used electronic devices to commit, plan, discuss, or even consider unlawful use or possession of drugs or any other criminal activity." (*Id.* at p. 1119.)

The *Ricardo P.* court explained that an appropriate probation condition may be connected not only to the crime for which probation is granted, but also the probationer's personal and criminal history. (*Ricardo P., supra,* 7 Cal.5th at p. 1120.) The Supreme Court has said "that 'conditions of probation aimed at rehabilitating the offender need not be so strictly tied to

7

the offender's precise crime' [citation] so long as they are 'reasonably directed at curbing [the defendant's] future criminality [citation]." (*Id.* at p. 1122.) Indeed, "courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense." (*Ibid.*) *Lent*'s third prong requirement that a probation condition be " ' "reasonably related to future criminality" ' contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Ibid.*)

We conclude the condition permitting warrantless searches here, including searches of electronic devices, is valid under *Lent* and *Ricardo P.* It is reasonably related to future criminality because it is proportional to legitimate interests served by the condition.

According to the probation report, Rebollar is documented as a member of a street gang. As a juvenile, Rebollar received four true findings, two for possession of weapons and two for vandalism involving gang graffiti or markings. Each time, his conduct was associated with a street gang. As an adult, Rebollar was convicted in 2011 for assault with a deadly weapon while shouting a gang name. He was granted probation, but was sentenced to two years in prison after several revocations for probation violations. He pleaded guilty in 2013 to residential burglary and was sentenced to four years in prison. In that incident, Rebollar was seen in the company of another documented gang member and he admitted to being inside the residence and taking the victim's vehicle. Rebollar's phone was found in a vehicle search and contained photos of him and his companion.

The trial court expressed legitimate concern about the need for the probation officer to effectively monitor and supervise Rebollar given his background and gang ties. Rebollar's criminal history consistently involved

8

associations with a criminal street gang and the crimes escalated in severity before this instance.  A phone was located in connection with at least one crime and contained photos of him with a documented gang member.  Rebollar previously performed poorly on probation resulting in a revocation requiring him to serve time in prison.  Although he claimed he has not associated with the street gang since 2012, this current offense involved visiting a gang member in jail, albeit his brother.  We are satisfied the Fourth Amendment waiver condition, including the ability to search electronic devices, serves a legitimate interest.  It is reasonable to ensure compliance with other probation conditions and to prevent future criminality.  It is, therefore, valid under *Lent* and *Ricardo P.*

*c*

Rebollar also contends the search condition is unconstitutionally overbroad and vague.  "[P]robation is a privilege and not a right, and … adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights—as, for example, when they agree to warrantless search conditions."  (*People v. Olguin* (2008) 45 Cal.4th 375, 384.)  "A probation condition imposing limits on constitutional rights must be closely tailored to its legitimate objective to avoid being invalidated as unconstitutionally overbroad.  [Citation.]  ' "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." ' "  (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.)  Because "the underpinning of a vagueness challenge is the due process concept of 'fair warning' " a "probation condition 'must be sufficiently precise for the

probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*Sheena K.*, *supra*, 40 Cal.4th at p. 880.) An exception applies to the forfeiture rule if the challenge presents a facial constitutional challenge presenting "a pure question of law, easily remediable on appeal by modification of the condition." (*Id.* at p. 888.) "An alleged constitutional defect that is 'correctable only by examining factual findings in the record or remanding to the trial court for further findings' is not a facial constitutional challenge, and traditional forfeiture principles apply." (*I.V.*, *supra*, 11 Cal.App.5th at p. 261.) "The purpose of [the forfeiture] rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.)

In this case, Rebollar did not raise a specific objection based on either overbreadth or vagueness and he did not ask the court to more narrowly tailor the condition, which would typically support a view that the issue is forfeited. However, we need not reach either forfeiture or the constitutionality issues because if the court again grants probation on remand, Rebollar may ask the court to clarify or narrow the scope of the condition if he so desires.

*Alcohol, Drug, and Mental Health Conditions*

Rebollar challenges conditions restricting his use and possession of alcohol (conditions 8.b.)[2] and controlled substances without a valid prescription (condition 9.c.)[3] as well as conditions requiring him to submit to mental health assessments and treatment if directed by the probation officer (conditions 6.r., 7b.–d., 8.c., 14.b., 14.c.).[4] The People contend the substance abuse conditions are reasonable, but concede there is not a sufficient basis for the conditions"[t]o the extent the[] conditions require mental health treatment outside of the context of substance abuse …."

---

[2]   Condition 8.b. states, "Do not knowingly use or possess alcohol if directed by the [probation officer]."

[3]   Condition 9.c. states, "Do not knowingly use or possess any controlled substance without a valid prescription and submit a valid sample for testing for the use of controlled substances/alcohol when required by the [probation officer], law enforcement officer, or treatment provider."

[4]   Condition 6.r. states, "Participate and comply with any assessment program if directed by the [probation officer]." Condition 7.b. states, "Participate in treatment, therapy, counseling, or other course of conduct as suggested by validated assessment tests." Condition 7.c. states, "Provide written authorization for the [probation officer] to receive progress and compliance reports from any medical/mental health care provider, or other treatment provider rendering treatment/services per court order under the terms of this grant of probation." Condition 7.d. states, "Attend and successfully complete Individual-IF, Group-IF, cognitive behavior-IF counseling program approved by the [probation officer] if directed by the [probation officer]. Authorize the counselor to provide progress reports to the probation officers or court when requested; all costs be borne by defendant." Condition 8.c. states, "Attend 'Self-help' meetings if directed by the [probation officer]."

Defense counsel objected to the proposed alcohol and drug conditions as well as the assessment and treatment conditions stating, "the offense in this case was not caused by alcohol and/or drugs" and there was not "a nexus for ordering him to go to some kind of therapy or counseling for this charge."

The trial court struck a recommended condition to prohibit any use of marijuana saying, "I don't know that marijuana had anything to do with this case." However, the court imposed the other alcohol, drug, and treatment conditions noting they were " 'if' " conditions. The court stated, "So, during the course of his probationary period, if they learn that he is using a controlled substance, they'll have the ability to direct him to treatment."

We conclude these conditions are unreasonable under *Lent* and *Ricardo P.* based on the appellate record before us. Rebollar admitted to smoking marijuana from a young age and said he uses it "weekly." He said he has a "couple of drinks about twice a week." He tried cocaine and Spice once when he was 17 years old. He participated in a teen recovery program while on juvenile probation, but has not participated in a substance abuse program since then and does not feel he needs such a program.

There is no indication drugs, alcohol, or mental health issues had any relationship to this or any other crime for which Rebollar was convicted. Rebollar's criminal record shows a series of poor choices over many years, particularly with respect to his associates, but none are obviously connected to use of drugs, alcohol, or a mental condition. The probation report noted Rebollar "does not appear to have any major substance abuse problems."

Rebollar is required to "[o]bey all laws" under condition 6.a., which would prohibit the use or possession of illegal substances. Conditions

12

requiring him to refrain from use of legal substances and giving the probation officer authority to impose conditions requiring mental health assessments and treatment at his or her discretion appear disproportionate to any legitimate government interest. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118; *Lent*, *supra*, 15 Cal.3d at p. 486.) If the trial court grants probation on resentencing, these conditions should be stricken unless the People can show a closer connection between the conditions and a legitimate government interest, i.e. that such conditions are reasonably directed at curbing Rebollar's future criminality.

### 3

### *Stay Away Orders*

Rebollar also challenges conditions requiring him to stay away from courthouses (condition 12.a.) and schools (condition 12.c.) as unreasonable and unconstitutional.[5] The People contend Rebollar forfeited this claim by failing to object to the conditions at the sentencing hearing and further contend the conditions are reasonable based on Rebollar's gang ties to prevent witness intimidation and to keep school campuses safe, secure and peaceful.

### *a*

After expressing concern about Rebollar's gang ties and their connection to his prior convictions, the court stated it was going to order "everything in 10 and 12, which includes gang conditions." Defense counsel did not object to these conditions.

---

[5] Condition 12.a. states, "Do not appear in court or at the courthouse unless you are a party or witness in the proceedings." Condition 12.c. states, "Do not knowingly visit/frequent any school grounds unless you are a student registered at the school. This condition may be modified by the [probation officer] who will inform you of any modification."

*b*

We would typically agree the defense forfeited a challenge to these conditions by failing to object, likely based on a tactical decision. (*Sheena K.*, *supra*, 40 Cal.4th at p. 880.) However, because Rebollar may raise objections to these conditions at resentencing, we offer some observations.

The California Supreme Court has acknowledged longstanding concerns about the use of "violence and intimidation by criminal gangs to immunize themselves from the criminal justice system." (*Alvarado v. Superior Court* (2000) 23 Cal.4th 1121, 1149, fn. 15.) Courts have held probation restrictions on court attendance "aimed at preventing the gathering of gang members to intimidate witnesses at court proceedings" to be valid and "reasonably designed to address the problem of gang affiliation." (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502.) Similarly, schools are " 'known gang gathering areas' " (*People v. Martinez* (2014) 226 Cal.App.4th 759, 766 (*Martinez*)) and access to outsiders is typically restricted in any event. (*In re Joseph F.* (2000) 85 Cal.App.4th 975, 985; § 627.2.)

In this case, Rebollar's brother previously served a term for gang-related manslaughter and was in custody pending new gang-related charges. Rebollar stated he visited his brother twice before this incident while the brother was in custody saying his brother might be "locked up" for a long time. Given the gang affiliations of both Rebollar and his brother and the fact that the brother was in custody pending proceedings related to new gang-related charges, the stay-away conditions appear reasonably related to curbing dangerous gang associations and to preventing future criminality, such as witness intimidation.

However, to the extent Rebollar believes the conditions are unconstitutionally overbroad or vague, he may seek clarification or more

14

narrowly tailored conditions should the court grant probation at resentencing. (See *Martinez*, *supra*, 226 Cal.App.4th at pp. 767–768 [modifying stay-away order]; *People v. Leon* (2010) 181 Cal.App.4th 943, 954 [same]; *People v. Perez* (2009) 176 Cal.App.4th 380, 386 [striking courthouse condition and remanding for imposition of a narrower condition].)

C

*Fines, Fees, and Assessments*

In exercising its resentencing discretion, the trial court shall address appropriate mandatory and discretionary fines, fees, and assessments.

IV

DISPOSITION

The order granting probation is vacated and the matter is remanded for the court to exercise its sentencing discretion anew in light of the amendment to section 1203.1. If the court grants a term of probation, it shall impose terms and conditions consistent with this opinion. In all other respects, the judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

IRION, J.

15